FRUGÉ, Judge.
This is an action by plaintiff to traverse the inventory of the Succession of Edward Dubuisson filed by the defendant adminis-tratrix. Plaintiff, the surviving spouse of Edward Dubuisson, filed a rule to show cause why the inventory should not be amended to list $9,255.55 as community property rather than separate property. The trial court held that the funds were separate property, and plaintiff has appealed.
When the decedent married Charlotte Hogan Dubuisson in November of 1960, he was practicing law in partnership with his brother, James Dubuisson. At that time, the partnership had on deposit in a partnership checking account $20,090.40, $9,255.55 of which was the property of Edward Du-buisson.
Decedent continued as a member of the partnership after his marriage to plaintiff, and both he and his brother deposited and withdrew funds from the partnership until decedent’s death on April 4, 1966. During the existence of the community between plaintiff and the decedent, $420,174.-22 was deposited in the account. The balance of the account was never lower than $3,302.38 and seldom more than $35,000.00. At the time of decedent’s death, there was $28,459.88 in the account with $512.59 in outstanding checks, leaving a net balance of $27,947.29. '
The only issue on this appeal is whether or not the decedent’s share of the partnership checking account at the time of his marriage to plaintiff ($9,255.55) should be considered separate or community property.
The trial court took the position that this is not a question of commingling separate and community funds, but instead a question of the respective interests of the decedent’s separate estate and the community of acquets and gains in the partnership entity. It then becomes a simple matter to say that decedent’s interest in the partnership at the time he was married was at least $9,255.55, and anything up to $9,-255.55 in the partnership at the dissolution of the community is decedent’s separate property. Only the enhanced value is considered community property. La.Civil Code Article 2408. Abraham v. Abraham, 230 La. 78, 87 So.2d 735, 738 (1956); Giamanco v. Giamanco, 131 So.2d 159 (La.App. 3d Cir. 1961); Succession of Sonnier v. LeBleu, 208 So.2d 562 (La.App. 3d Cir. 1968); Gregory v. Gregory, 223 So.2d 238 (La.App. 3d Cir. 1969).
Plaintiff contends, however, that it is a question of commingling separate and community funds, and that La.Civil Code Article 2408 is inapplicable. If this approach is taken, it is obvious that there was substantial commingling (approximately $400,-000.00 deposited and withdrawn from the partnership account during the communi *872 ty), and the $9,255.55 can no longer be identified and would therefore be considered community property. Gregory v. Gregory, 223 So.2d 238 (La.App. 3d Cir. 1969).
The partnership checking account was not a community checking 'account. The community only had an interest in the partnership, and the partnership checking account did not become identifiable community funds until withdrawn from the partnership for the personal benefit of one of the partners. This is not a case where separate and community funds are deposited and withdrawn in an account. Here, o.nly partnership funds were deposited in the partnership account, and the only interest the community had in those funds was by virtue of its interest in the partnership.-
The trial court properly applied La.Civil Code Article 2408, and treated the problem as one of the respective interests of decedent’s separate estate and the community of acquets and gains in the partnership entity. By virtue of the above article, the community of acquets and gains is only entitled to the enhanced value of the partnership during the existence of the community, and decedent’s interest in the partnership at the time of his marriage to plaintiff was his separate property.
The inventory credited to the widow’s community interest the husband’s interest in all fees outstanding at the time of his death, and it did not deduct therefrom fees due the partnership at the time of the marriage (and thus an asset of the separate estate), but collected afterwards. The wife’s community interest was correctly valued as the net enhancement of the husband’s interest in the partnership accruing during the marriage. The interest of the husband’s separate estate therein at the time of the marriage was conservatively evaluated at $9,255.55, his share of the partnership checking account at this date.
We thus find no error in the trial court’s finding that this sum of $9,255.55 represented an asset of the separate estate of the decedent and, accordingly, the judgment appealed from is affirmed at plaintiff-appellant’s cost.
Affirmed.