342 So.2d 161 (1977)
Mrs. Tatiana Turan DUE, Plaintiff-Respondent,
v.
Paul H. DUE, Defendant-Relator.
No. 58226.
Supreme Court of Louisiana.
January 24, 1977.
Rehearing Denied February 25, 1977.
*162 Felix Weill, David W. Robinson, Watson, Blanche, Wilson & Posner, Baton Rouge, A. N. Yiannopoulos, Baton Rouge, of counsel, for defendant-relator.
John J. McCann, New Orleans, Janet Mary Riley, New Orleans, of counsel, for plaintiff-respondent.
TATE, Justice.
The issue before us is: Are a lawyer husband's contingent fee contracts pending as of the date of the dissolution of the *163 marital community to be included in the accounting of the community assets as between the husband and his wife?
A wife here sues her former husband, an attorney, to set aside a community property settlement on the ground of fraud and lesion. She also prays that the court order an inventory of the assets of the former community, in order to partition it between the spouses.
Her discovery interrogatories included inquiries as to contingent fee contracts entered into by her husband in his law practice for a period during the marriage preceding the date of dissolution of the community.
The defendant husband objected to these interrogatories. He contends that contingent fee contracts which were not consummated when the community dissolved did not fall within the community of acquets and gains.
The trial court sustained the husband's contention. It concluded that such contracts do not form part of the community because no interest is vested in the attorney until the contract is completed by successful disposition of the case.
The court of appeal granted supervisory writs and reversed. 331 So.2d 858 (La.App.3d Cir. 1976). It reasoned that a contingent fee contract from the date of its execution creates a right to share in the eventual proceeds (albeit subject to successful conclusion of the litigation), and that this right constitutes a property right which falls into the community, although its value can be determined only when the proceeds are realized. When realized, the interest in the community is determined in the proportion that the value of the husband's services rendered at the date of the community's dissolution bears to the total services performed by the husband in earning the fee.
Because of the importance of the issue, we granted certiorari, 337 So.2d 518 (La.1976), to review the husband's contention that a contingent fee contract cannot be included in the community because it creates no property right prior to completion of the attorney's work after the community's dissolution.

I.
In Louisiana, all property acquired by the labor and industry of the spouses during the marriage belongs to the community of acquets and gains existing between them. Civil Code Articles 2402, 2405, 2334. Included among the assets of the community, thus subject to inventory and spouses' joint ownership at the community's dissolution, are obligations based upon the right to receive money to become due in the future, even though this right is contingent upon the happening of an event at a future time. Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956). See also T. L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976).
The defendant husband contends, however, that this principle does not apply to an attorney's contingent fee contracts. He argues:
(1) A contingent fee contract, depending on an uncertain event (winning or compromising the litigation), is an aleatory contract, Articles 1776, 2982, which creates no obligation until the happening of the event;
(2) Even if the contingent fee contract is a conditional obligation creating contemporaneously a right to enforce it upon happening of the condition, Article 2041, the right so created is only of specific enforcement, not to vest it retroactively to the contract's creation, Wampler v. Wampler, 239 La. 315, 118 So.2d 423 (1960);
(3) Further, however classified, the contingent fee contract has no ascertainable value prior to successful completion of the work; it therefore does not form part of his patrimony at any earlier time.

II.
We ultimately conclude that, whatever the theoretical nature of the right, a contingent fee contract creates in the husband a patrimonial asset, i.e. (in ordinary language) "property", which is acquired by him during the marriage, Article 2334, and which (to the extent that his labor and *164 industry contribute during the marriage, Article 2402) is an asset of the community existing between his wife and himself at the time of its dissolution, Article 2405.
A contingent fee contract executed between a client and his attorney is legislatively recognized as creating in the attorney an enforceable right to share in the proceeds eventually recovered. La.R.S. 37:218.[1] The obligation in his favor is, of course, subject to the suspensive condition that the outcome will be favorable, Articles 2021, 2043, and to the implied resolutory condition his interest may be divested if he does not perform the contractual services expected of him, Articles 2021, 2046.
Nevertheless, "The contract of which the condition forms a part is, like all others, complete by the assent of the parties * * *." Article 2028. As noted at Planiol, Civil Law Treatise, Volume 1, sec. 319, p. 216 (LSLI translation, 1950): "The owner or creditor . . . is not therefore, properly speaking, either an owner or a creditor as long as the condition is still pending. The simple possibility of the realization of the condition, nevertheless, constitutes a chance which is already considered an asset or liability."

III.
The defendant's characterization of the contingent fee contract as aleatory, Articles 1776, 2982, or as involving a revocable mandate by the client for the attorney to render legal services for him, Articles 2985, 3028, does not convert the attorney's property interest in the contract into a non-as-set.
(a) Aleatory contract:
The attorney's interest is "contingent" in the sense that he will be compensated for his efforts and will receive a benefit under the contract only in the uncertain event that a favorable judgment or settlement is arrived at. To this extent, the contract is an aleatory one, in which the rights and obligations of the parties depend on the happening of an uncertain event and there is a chance of either gain or loss. Articles 1776, 2982. See: 6 Litvinoff, La. Civil Law Treatise, Obligations, sections 105, 108 (1969); Planiol, cited above, Volume 2, sections 954-956.
However, the distinction between contracts which are certain, on the one hand, and aleatory contracts, on the other, has no significance with regard to whether the contract creates an obligation which may be a property right. The code definitions "only . . . signify that a contract which is certain is exactly the opposite of an aleatory one, meaning that it gives rise to obligations which are pure and simple, neither of which is subject to a condition." 6 Litvinoff, previously cited, p. 193.[2]
(b) Revocable mandate:
As with any other contract for the services of an attorney a contingent fee *165 contract, as the decisions cited by the defendant show, involves a mandate or agency by which the client empowers the attorney to act for him. Article 2985 et seq. The contingent fee contract is thus subject to the rules of mandate, including revocation at the will of the client-principal (Article 3028; see, e.g., Foster, Hall, Barret & Smith v. Haley, 174 La. 1019, 142 So. 251 (1932)), and expiration on the death of the attorney-agent (Article 3027, see, e.g., Succession of Zatarain, 138 So.2d 163 (La.App.1st Cir. 1962), certiorari denied).
Nevertheless, where the relationship is terminated at the will of the client, the attorney may recover at least the value of his services performed prior to termination. See, e.g.: Smith v. Westside Transit Lines, 313 So.2d 371 (La.App.4th Cir. 1975), writ denied 318 So.2d 43, Guilbeau v. Firemen's Fund Ins. Co., 293 So.2d 216 (La.App.3d Cir. 1974); Wright v. Fontana, 290 So.2d 449 (La.App.2nd Cir. 1974).
Likewise, where the attorney-client relationship is terminated as a result of the attorney's death, his heirs may recover for the value of his services prior thereto. See, e.g.: Succession of Payne, 155 La. 177, 99 So. 29 (1923); Pittman Construction Co. v. Housing Authority of New Orleans, 183 So.2d 343 (La.App.4th Cir. 1966), certiorari denied 249 La. 376, 186 So.2d 627 (1969); Annotation, Attorney's Death Prior to Final Adjudication or Settlement of Case, As Affecting Compensation Under Contingent Fee Contract, 33 A.L.R.3d 1375 (1970). See also Oil Purchasers, Inc. v. Kuehling, 334 So.2d 420 (La.1976).
Accordingly, we find no merit to the defendant's argument that, somehow by reason of technical characterization, no economic value should be attributed to an attorney's interest in a contingent fee contract until the successful prosecution of the claim entitles him to actual compensation for his services.

IV.
Our code articles refer to the community's ownership of the "produce of the reciprocal industry and labor of both husband and wife", Article 2402, and of the property "acquired by the husband and wife during marriage", Article 2334. At the dissolution of the community, "all effects which both husband and wife reciprocally possess, are presumed common effects or gains, unless it be satisfactorily proved which of such effects they brought in marriage, or which have been given them separately, or which they have respectively inherited." Article 2405.
The intent, we believe, is that all property (in the broad sense of the word) is to form part of the community, if acquired during the marriage (with the narrow and non-applicable exceptions noted). Property, in its broad sense, denotes all patrimonial rights. 2 Yiannopoulos, Louisiana Civil Law Treatise, Property, Section 1 (1967). The civil law concept of patrimony includes the total mass of existing or potential rights and liabilities attached to a person for the satisfaction of his economic needs. Yiannopoulos, above cited, Section 77; Creech v. Capital Mack, Inc., 287 So.2d 497 (La.1973). In general, "[p] atrimonial rights are those susceptible of pecuniary evaluation, and which, for this reason, may form part of a person's patrimony." Yiannopolous, Louisiana Civil Law System, Section 70, p. 243 (1971).
An attorney's rights under a contingent contract, whatever their nature, clearly have pecuniary value. We have noted above that the attorney himself, or his heirs, have enforceable rights that arise even before final completion of an attorney's services. The valuation of these interests in pending contracts have arisen, for example, in suits by former law partners for a division of the assets following dissolution of the partnership. Trice v. Simon, 233 So.2d 609 (La.App.3d Cir. 1970).
We therefore hold that the attorney's interest in pending contingent fee contracts constitutes a patrimonial asset which, if the contract is acquired during the marriage, forms part of the community insofar as its *166 value is based upon the attorney's services performed during the marriage.[3]

V.
Because of the limited scope of the issues before us at this time, we do not find it necessary to determine just when a wife may obtain her share of the interest of the community in her husband's contingent fee contract attributable to his services during the marriage. With the case in its present posture, it is sufficient to hold that she is entitled to obtain information sought by her interrogatories as to the existence of such contracts acquired during the marriage and as to indicia of their value, whether at the time of dissolution of the community, or (if the husband's services were thereafter completed, on the contract) as of the date of the inventory sought.
It is sufficient now to note that she is entitled to this information and to inclusion of these assets in an inventory of the community's property, whether, as the court of appeal held, her right to share in the community's share of the proceeds does not accrue until the fee is collected, cf. Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169, 174-75 (1956), or whether, as suggested in oral argument, she is entitled to a present accounting in the partition of the community from her husband for her share of the estimated value of the community interest at the date of its dissolution.[4] Aside from not wishing at this time to pass in the abstract upon a theoretical issue as to which an evidentiary basis has not yet been presented, an additional reason we avoid doing so is that the issue may not actually arise, should the parties agree to amicable partition and settlement in accordance with the principles noted.[5]
As to an ancillary point, we should note that the court of appeal correctly held that any contingent fee contracts which are the property of the defendant's law partnership cannot be considered as assets of the community. The partnership is a separate entity. However, the husband's interest in the partnership is, to the extent acquired during the marriage, a community asset the value of which should be included in the inventory. Dubuisson v. Moseley, 232 So.2d 870 (La.App.3d Cir. 1970).[6]

Decree
For the reasons assigned, we affirm the judgment of the court of appeal requiring response to the interrogatories, and we remand this case to the district court for further proceedings consistent with the views here expressed. All costs of supervisory review are taxed against the defendant; *167 all other costs to await the final disposition of this case. AFFIRMED AND REMANDED.
NOTES
[1] La.R.S. 37:218 provides:

"By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made."
[2] The commentators note that the only legal consequence of the distinction between aleatory contracts and those which are certain is that an aleatory contract is not subject to action for recission for lesion, since the chance of loss is of the essence of that kind of contract, Litvinoff, Section 105, Planiol, Section 958, and that possibly, for the same reason, non-performance of an aleatory contract is not excused by unforeseen events or irresistible forces, Litvinoff, Section 109.
[3] We note that our result in this regard is in accord with that reached in other jurisdictions which have considered the matter. See, e.g.: Comm. of Internal Revenue v. King, 69 F.2d 639 (5th Cir. 1934); In re Monaghan's Estate, 60 Ariz. 342, 137 P.2d 393 (1943); Waters v. Waters, 75 Cal.App.2d 265, 170 P.2d 494 (Cal.App.4th Dist. 1946), noted 20 So.Cal.L.Rev. 281. But see Land v. Acadian Production Corp. of Louisiana, 57 F.Supp. 338 (W.D.La.1944), reversed on other grounds, 153 F.2d 151 (5th Cir. 1946).
[4] If the husband (being unable to sell or to assign his interest in the fee to his wife) is entitled to retain the interest in the contingent fee contract acquired during the community, he might be required to account to the community in the partition of its assets for the value of its interest in the contract at the date of the community's dissolution. A comparable procedure is followed in the partition of successions, where an heir desires to retain instead of return property subject to collation. Articles 1333, 1356, 1359.
[5] In the everyday world, when a partnership dissolves or a partner withdraws from his law firm, the valuation of the interest of a lawyer in the contingent fee contracts and the appropriate accounting has usually been accomplished by agreement, without undue difficulty, on the basis of informed estimates as to the prospective recovery or settlement value of each case, the chances of loss, and the amount of work involved before and after the dissolution or withdrawal.
[6] See also Lopez v. Lopez, 38 Cal.App.3d 93, 113 Cal.Rptr. 58 (Cal.App.1974) and Annotation, Evaluation of Interest in Law Firm or Medical Partnership for Purposes of Division of Property in Divorce Proceedings, 74 A.L.R.3d 621 (1976) for discussions of the valuation of a spouse's community interest in an on-going partnership.