385 So.2d 525 (1980)
Freida Bordelon MARTINEZ, Plaintiff-Appellant,
v.
POSNER, MARTINEZ, AND PADGETT et al., Defendants-Appellees.
No. 7529.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1980.
Rehearing Denied July 16, 1980.
*526 J. Minos Simon, Lafayette, for plaintiff-appellant.
Sandoz, Sandoz & Schiff, Leslie J. Schiff, Opelousas, Daniel J. McGee, Mamou, for defendants-appellees.
Before FORET, SWIFT and STOKER, JJ.
STOKER, Judge.
This is a contest by a former wife as plaintiff against her husband who was a member of a medical partnership and against the partnership.[1] After the dissolution *527 of the marriage between defendant Joseph P. Martinez, III, M.D., and plaintiff Freida Bordelon, the latter was offered a sum represented to equal one-half of Dr. Martinez's interest in the medical partnership as of the date of dissolution of the marriage. The interest was allegedly comprised of accounts receivable and physical assets of the medical partnership in which Dr. Martinez had a one-third interest. Mrs. Martinez declined the sum offered and maintains that, upon dissolution of the marriage, she became owner of an undivided one-sixth interest in a continuing partnership consisting of Dr. Martinez and the two other physicians who made up the partnership.
This action is not a part of the separation-divorce proceedings between Dr. and Mrs. Martinez. The present action is an independent suit by Mrs. Martinez to compel the defendant doctors, as a partnership, to require the partnership to pay her one-sixth of the amount of the partnership funds disbursed to, and expended on behalf of, the members of the partnership since dissolution of marriage.[2] This suit was filed on October 30, 1978. Plaintiff-appellant also complains that she was not allowed to make discovery relevant to her claim. Plaintiff's action was dismissed on a motion for summary judgment.

I.
The essential issue under consideration here is whether, upon dissolution of a marriage, one spouse will become a partner in a partnership to the extent of one-half of other spouse's interest in the partnership.
The former wife urges that her former husband's partnership interest is a community asset, acquired during the existence of the community, and is no different from any other community asset. She likens the interest to ownership in a corporation in which the interest is represented by shares of stock in the corporation which, upon dissolution of the marriage, vests in the former spouses in indivision. The two situations are not analogous.
A partnership is made up of persons themselves, who associate through contract with one another. The pertinent articles of the Louisiana Civil Code on this subject are LSA-C.C. arts. 2801, 2802, 2803, 2805, 2809, and 2810. These articles provide as follows:
Art. 2801. Partnership is a synallagmatic and commutative contract made between two or more persons for the mutual participation in the profits which may accrue from property, credit, skill or industry, furnished in determined proportions by the parties.
Art. 2802. It may be made by all persons capable of contracting.
Art. 2803. It is regulated by the rules laid down in the title: Of Conventional Obligations, in all things not differently provided for by this title.
* * * * * *
Art. 2805. Partnerships must be created by the consent of the parties.
* * * * * *
Art. 2809. Property, credit, skill and industry being the sources from which the profits of a partnership may be drawn, each of the partners may furnish either or all of these, in such proportions as they may mutually agree.
Art. 2810. By credit, in the foregoing article, is meant, not only a reputation for responsibility as to pecuniary concerns, but also any quality or other circumstance that may acquire the good will *528 of others, and contribute to the prosperity of the partnership.
It follows from the Civil Code articles quoted above that the only persons who can be members of a given partnership are those who contract to be partners. A partnership is an entity distinct from its partners. Edco Properties v. Landry, 371 So.2d 1367 (La.App. 3rd Cir. 1979). In view of these principles, Mrs. Martinez is not a member of the partnership in question.
A partner in a professional partnership brings into the partnership his knowledge, skill and labor. Physical assets, which may consist of a building, furniture, and equipment and other movables, merely assist the individual partners in rendering services to clientsin this case patients. Except for a pooling of talents and sharing of physical facilities, professional partners are no different from sole practitioners. As to a sole practitioner, it seems obvious that the spouse of the practitioner does not, by the act of marriage, acquire any ownership rights or interest in the knowledge, skill or laboring capacity of the practitioner.[3] Nevertheless, whether a person practices alone or in partnership it is basic, of course, that once the practitioner puts the knowledge and skill to work, and thereby earns professional fees, such fees are community income. Due v. Due, 342 So.2d 161 (La. 1977). Also, some accounting must be made to the community, in case of the dissolution of a partner's marriage, for any proportionate interest the partner-spouse may have in physical assets of the partnership acquired during the existence of the community.[4]
We fail to see how being a member of a professional partnership changes the basic propositions referred to above. It is true that a partnership is a legal entity separate and distinct from the partners. However, a partnership is by no means the same as a corporation. A partnership and a corporation are two different and distinct legal entities; the rights and obligations of a partner are not at all similar to the rights and obligations of a stockholder in a corporation. Monteleone v. Airey, 57 So.2d 257 (La.App. Orl. 1952), writ denied June 2, 1952.
A corporation derives existence through being granted a charter by the state following compliance with certain forms by an incorporator or incorporators.[5] Ownership, represented by shares of stock may be freely transferred without the consent of other shareholders (absent anything to the contrary in the corporate charter.) A share of stock in a corporation is but a fragmented portion of the ownership with rights regulated by the corporation and the corporate charter. A corporation does not consist of persons but is a fictional person itself which functions through agents deriving their appointment as an ultimate matter from the shareholders. The direct appointing authority usually is a board of directors elected by the shareholders in which corporate power is placed. Ordinarily, no contribution in "property, credit, skill or industry" is required of a shareholder. No contractual relationship exists between shareholders. No shareholder can act for or bind the corporation.
In a partnership, the relationship (1) is founded on the intent of the members to be partners, that is, their consent thereto, LSA-C.C. art. 2805, (2) is founded on a contract between two or more persons for a pooling of "property, credit, skill or industry" for "the mutual participation in the profits which may accrue" therefrom, LSA-C.C. art. 2801 and (3) is founded on the *529 obligation of each partner to contribute in some way to the partnership enterprises, LSA-C.C. art. 2801 and 2809 and share in the losses and expenses, LSA-C.C. art. 2813. In the absence of an agreement to the contrary, each partner may act for the partnership and bind the partnership to others. LSA-C.C. art. 2870. A corporate shareholder, however, is limited to voting on certain basic propositions and in voting for directors in whom the ownership of the corporation is vested. A shareholder is not responsible for corporate debts or obligations.
From the foregoing reasons, we are of the opinion that no one may become a partner in a partnership except by being a party to the partnership contract. No one may be a partner without contributing, or participating, in the words of Civil Code article 2801, through furnishing property, credit, skill or industry. Therefore, we conclude that Mrs. Martinez did not become a member of the medical partnership upon the dissolution of her marriage contract with her husband. Dr. Martinez was the contracting party and the contract was personal to him. The contract did not bind Mrs. Martinez, and the other two physicians did not accept her as a partner. More important, the most valuable thing which the medical partners contributed to the partnership was their knowledge and skill. Without the ability to make such a contribution, Mrs. Martinez could not fulfill a fundamental obligation of a partner.
On the basis of the principles discussed, plaintiff must fail in her demand to be paid one-sixth of the amount of the partnership funds which have been disbursed (or expended) since the dissolution of her marriage with Dr. Martinez.

II.
We are not faced here with a situation such as was presented in Due v. Due, supra. Plaintiff is not seeking payment or accounting for one-half of fees earned by her former husband as of the date of the dissolution of the marriage. She is not seeking an amount equal to one-sixth of the partnership's assets. In fact, plaintiff's position rejects the notion that her rights are limited to such an interest. Her position, on the contrary, is that she is a partner owning a one-sixth interest. Therefore, she contends she should be paid on a continuing basis, the same as other partners, in any distribution of partnership funds, whether it be profits, payment of expenses or other distribution of funds. The allegations of plaintiff's petition are that the partnership has made payments to the partners and has ignored her interest. Therefore, she alleges she is entitled to be paid this amount by defendants.
Under the circumstances, this case does not encompass the issue which was involved in Due v. Due. This is not a suit for what might be due the community accrued as of the time of dissolution of the community.

III.
Plaintiff emphasizes that in the separation-divorce proceedings her interest in community assets was recognized by judgment. She asserts she was recognized as an owner of a one-sixth interest in the medical partnership of Posner, Martinez, and Padgett. A judgment in the proceedings between Mrs. Martinez and Dr. Martinez appears in the transcript of the record of this case as Defendant's Exhibit 2, Tr. 25-32. On transcript page 27, among the items listed as community property is item eleven which reads: "(11) Drs. Posner, Martinez & Padgettpartnership 1/3 interest [Listed as Item 12 in Inventory]." Standing by itself, we do not see that this item appearing in the judgment gives the plaintiff any rights other than to an accounting of the income accrued to the community as of the time of dissolution of the Martinez marriage and an accounting from Dr. Martinez for his share of the value of the partnership assets as outlined in Due v. Due, supra. Dr. Martinez has no direct interest in partnership assets as they belong to the partnership as a distinct entity separate from the partners.

IV.
We note in passing that the summary judgment granted in this case is not in *530 contravention of the provisions of LSA-C. C.P. art. 969 which prohibit its application "in any case where the community, paraphernal, or dotal rights may be involved in an action between husband and wife". The parties agree on this point. See Loeb v. Loeb, 252 So.2d 516 (La.App. 4th Cir. 1971); Thomas v. Otwell, 234 So.2d 475 (La.App. 3rd Cir. 1970) and Patrick v. Patrick, 230 So.2d 759 (La.App. 2nd Cir. 1970).

V.
Plaintiff-appellant urges that the trial court's action must be reversed, if for no other reason than that the trial court judgment was in the form of a "partial summary judgment". Plaintiff-appellant relies on Beckham v. Hartford Accident & Indemnity Company, 137 So.2d 99 (La.App. 3rd Cir. 1962). It is true that the judgment is so denominated in the title of the judgment, and the term "partial summary judgment" is employed in the decretal portion of the judgment. Considering the relief sought by plaintiff-appellant as compared to the thrust of the summary judgment, we are of the opinion that there was nothing "partial" about the summary judgment. The judgment was a pronouncement on all the issues in the case. There were only two issues: (1) plaintiff's right to continue to receive income from the partnership after dissolution of her marriage as though she were a partner owning a one-sixth interest in the partnership, and (2) her right to discovery concerning earnings of and disbursements by the partnership since dissolution of the marriage. The summary judgment covered both these points. There is no relief demanded by plaintiff which has been left undisposed of. Hence, the summary judgment was not partial. The trial court properly rejected plaintiff-appellant's motion, both to compel discovery and for imposition of sanctions and contempt.

VI.
On the question of the trial court's refusal to allow plaintiff-appellant in making discovery, it follows that the action of the trial court was correct because Mrs. Martinez has no rights to protect. She is not in the same position as the former wife in Due v. Due, supra, who sought to discover information as to the partnership situation at the time of dissolution of marriage. The information sought in Due v. Due, supra, related to contracts acquired during marriage and indicia as to the value of such contracts and other relevant information. Here, Mrs. Martinez, considering herself as a partner after dissolution of marriage, seeks to discover information relative to earnings and distribution of funds to partners beyond the date up to which she had any interest in such affairs. The trial court properly dismissed plaintiff-appellant's motion to compel discovery, for contempt and for expenses occasioned in the attempt to make discovery.

VII.
Defendant filed a motion to dismiss the appeal contending that the judgment rendered in the trial court was a non-appealable interlocutory order. LSA-C.C.P. art. 968 provides, in pertinent part:
Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced....
Clearly, the summary judgment rendered below is a final judgment and is therefore appealable. Defendant's motion to dismiss is without merits. Beckham v. Hartford Accident & Indemnity Company, supra.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] Plaintiff names as defendants Posner, Martinez, and Padgett, an ordinary partnership and Gerald E. Posner, M.D., Joseph P. Martinez, M.D., and Ernest E. Padgett, Jr., M.D., as partners thereof. Plaintiff asks for judgment against the partnership and the individuals for their virile share of her demand.
[2] On March 29, 1977, Mrs. Martinez obtained a judgment of separation. The judgment of separation dissolved the community regime retroactively to the date of the filing of the petition, December 28, 1976. A judgment of divorce was rendered June 19, 1978. A property settlement judgment rendered January 12, 1979, recognized Dr. Martinez's 1/3 interest in the partnership as community property. An inventory of the partnership's assets as of the date of the dissolution of the community valued Dr. Martinez's 1/3 interest in the partnership at $15,180.38. A check for ½ of this amount was delivered to Mrs. Martinez, which she refused.
[3] Cf. Stern v. Stern, 66 N.J. 340, 331 A.2d 257, 74 A.L.R.3rd 613 (1975).
[4] Due v. Due, supra. See also Annotation, Evaluation of Interest in Law Firm or Medical Partnership for Purposes of Division of Property in Divorce Proceedings, 74 A.L.R.3rd 621 (1976) for discussion of the valuation of a spouse's community interest in an on-going partnership.
[5] The Louisiana Business Corporation Law is contained in LSA-R.S. 12:1 et seq. See the article "The 1968 Business Corporation Law of Louisiana" by Ben R. Miller, 29 La.L.Rev. 435 (1969) and 18 Am.Jur.2d, Corporations, particularly Sections 1 and 13.