SHORTESS, Judge.
This case arose from a dispute over the right to receive mineral royalties. When Paul A. Doty, Jr., died intestate on October 20, 1982, he was married to and living with his second wife, Beatrice Shaw Doty. He was survived by the two children of his first marriage, Paul A. Doty, III, and Donald J. Doty. At the time of his death, he owned an undivided one-ninth interest in a parcel of land in Lafourche Parish which he had inherited from his father at least 30 years earlier. This land was subject to a mineral lease confected prior to the marriage of Paul Doty, Jr., to Beatrice Doty. The lessee obtained production shortly after the marriage and began royalty payments.
On October 14, 1983, Mrs. Doty filed a “Detailed Descriptive List of Property and of Succession Debts” in which she described the interest in the land as her husband’s separate property and the mineral interest as community property. This description entitled her to one-half of the minerals and royalties generated both before and after Mr. Doty’s death.[1] The children responded with a rule to traverse, asking that Mrs. Doty be required to show cause why the descriptive list should not be amended to describe the mineral interest as the separate property of Paul A. Doty, Jr. Based on briefs and a stipulation of facts, the trial court entered judgment for the children and ordered that the descriptive list be amended to describe as community property only those royalties for production occurring prior to Mr. Doty’s death. From that judgment Mrs. Doty has appealed.
It is clear that the one-ninth interest in the parcel of land was Mr. Doty’s separate property. Mineral royalties attributable to separate property are community property. LSA-C.C. art. 2339. Mr. Doty did not file a declaration to the contrary, and all parties agree that royalties from production occurring before his death are community assets. Mrs. Doty contends that she should continue to receive a portion of those royalties after her husband’s death because “[tjhere is no authority for reclassifying community property after dissolution of the community, or for apportioning a part thereof to the separate estate of one of the spouses.” Whatley v. Whatley, 439 So.2d 444, 447 (La.App. 2nd Cir.1983).
The Whatley court decided that the sum given for a five-year, “paid-up” mineral lease was community property. This amount was paid prior to the termination *545 of the community; thus, Whatley does not confront the issue posed by this case. In fact, the court specifically refused to rely on cases that “deal with payments recéived or to be received after dissolution of the community.” Whatley, 439 So.2d at 447.
Mrs. Doty’s authority is inapposite. When one spouse dies, the community ends. LSA-C.C. art. 2356. Property may then be defined as formerly community for purposes of distributing the deceased’s assets, but all community property is “reclassified” because by operation of law the community has ceased to exist. Royalties for production after Mr. Doty’s death cannot be the property of a non-existent community.
Mrs. Doty also argues that she is entitled to a share of the royalties generated after her husband’s death because production began during their marriage and because some payments became due during it.[2] This position overlooks the determinative question: what was the nature of the property involved? The leased mineral interest was separate property; the royalties were “attributable to a separate asset.” LSA-C.C. art. 2339. Mrs. Doty had a right to those royalties only during the community’s existence. We reject the contention that because she had that right during the community’s existence she should retain it after the community terminates. When production began and when payments became due are irrelevant considerations.
Finally, Mrs. Doty argues that, since Mr. Doty did not file the reservation of fruits as provided by Article 2339, he intended that she continue to receive royalties after his death. Whatever his intent, the failure to file the reservation does not transform the property from separate to community or alter the requirements for donations mortis causa.
For these reasons, the judgment of the trial court is affirmed; costs are taxed to Mrs. Doty.
AFFIRMED.

. The parties stipulated that income from production before Mr. Doty’s death amounted to $2,065.36; income produced after his death through April 26, 1984, was $24,922.12.

. The lease agreement was perfected before the community was established. This factually distinguishes Due v. Due, 342 So.2d 161 (La.1977), cited by Mrs. Doty. But we note that the time of the agreement’s perfection is not decisive; the fact that the royalties are attributable to a separate asset is. See Succession of Lindsey, 477 So.2d 148 (La.App. 1st Cir.1985).