539 So.2d 928 (1989)
Joseph Edward DEFLEY, Jr.
v.
Jo Ann Wooten, Wife of Joseph Edward DEFLEY, Jr.
No. 88-CA-1372.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
On Motion for Correction June 9, 1989.
*929 Robert H. Belknap, P.C., New Orleans, for plaintiff/appellant.
Trudy H. Oppenheim, New Orleans, for defendant/appellee.
Before GARRISON, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
This case involves partition of the community property owned by appellant Joseph Edward Defley Jr. and his former wife, appellee Jo Ann Wooten. Two issues are before this court: (1) the proper computation of the wife's entitlement to a percentage of her husband's military retirement pay and (2) the amount of rent the husband should pay the wife for use of a community-owned immovable as a law office.
Military Retirement Pay
The trial judge held that Mr. Defley's military pension is subject to division in accordance with the formula established by the Louisiana Supreme Court in Sims v. Sims, 358 So.2d 919 (La.1978). In that case, the court overturned trial and appellate court rulings that a former wife's interest in her former husband's federal air traffic controller pension rights was limited to one-half of the pension fund's cash withdrawal value at the date of dissolution of the community. Id. at 921. The court held that the wife was entitled to recognition of her interest in the fund when the benefits became payable to the husband. Id. The court established a formula for determining the wife's interest in the fund based on the proportion of the fund attributable to the husband's employment during the community. Id. Computation of the proper ratio is based on the following formula:
Portion of pension attributable
to credible service during
existence of the community × ½ × annuity (or lumpsum
Pension attributable to total payment)
creditable service
Id. at 924.
In the instant case, Mr. Defley will be eligible for retirement pay for his military service from November 5, 1951 until March 1, 1978 when he reaches 60 years of age. Under the provisions of 10 U.S.C. Sec. 1331 et seq., persons become eligible for retirement pay only if they have performed at least 20 years of service during which they are credited with at least 50 points. In this case, Mr. Defley received at least 50 points during 21 of the 27 years he was in the service. Since Mr. and Mrs. Defley married on April 28, 1962, only 13 of the 21 years in which he received at least 50 points are attributable to creditable service during the existence of the community. Applying those figures to the Sims, supra, formula, the following percentage results:
13/21 × ½ = .6190 × ½ = .3095
Therefore, using the Sims formula, Mrs. Defley would be entitled to 31 percent of *930 each of Mr. Defley's military retirement benefit checks, when he starts receiving them.
Mr. Defley challenges the traditional use of the formula, claiming that the Codal scheme governing his military retirement pay is distinguishable from the Codal scheme governing the pension received by Mr. Sims as a former air traffic controller and that the distinguishing factors require a different system of calculation of the percentage. Retirement pay for air traffic controllers is governed by 5 U.S.C. Sec. 8331 et seq., which bases eligibility for pension benefits solely on years of service. Mr. Defley asserts that the military retirement provisions in 10 U.S.C. Sec. 1331 et seq. are determined not by the number of years served but by highest rank attained and held for more than two years and by the number of reserve retirement credit reports earned. He posits that the proper calculation of the percentage of pay to which Mrs. Defley is entitled should be determined by dividing the total number of service points earned by the number earned during the marriage. Since Mr. Defley earned a total of 2402 points, 927 of them during the existence of the marriage, Mrs. Defley would be entitled to only 19 percent of each military retirement benefit check.
We refuse to adopt Mr. Defley's proposed calculation. The entitlement to military retirement benefits is essentially linked only to the number of years served, not to the number of points earned, as Mr. Defley intimates. Although the military service person must earn at least 50 points for a year to count toward the 20 necessary for retirement, Mr. Defley did not receive any more credit toward eligibility for retirement during those years when he earned far more than 50 points than he did for those years in which he earned the minimum 50 points. Therefore, we hold that the traditional calculation of the Sims formula applies to the instant case and Mrs. Defley will be entitled to receive 31 percent of each military retirement benefit check received by her former husband.
Rental on Immovable Property
The general rule in Louisiana is that a co-owner of immovable property has the right to occupy that property prior to partition, without accounting to the other co-owner for the use of the property, unless the co-owner using the property "profits therefrom by his own industry or exploitation." Sciambra v. Sciambra, 153 So.2d 441 (La.App. 4th Cir.), writ denied Pizzo v. Sciambra, 244 La. 900, 154 So.2d 768 (La. 1963). Applying that rule, the trial judge awarded Mrs. Defley $1,900 in rent on community property used by Mr. Defley as a law office. He reached that figure by multiplying $500 (the fair rental value of the property as agreed-upon by the parties) by the 39 months between the date of termination of the community and the judgment granting Mr. Defley sole possession of the property.
Mr. Defley appeals this award to his former wife on the basis of two contentions: (1) that Mrs. Defley should be entitled to only one-half of the fair monthly rental value, not the entire amount and (2) that the award is improper because the judge also awarded Mrs. Defley $72,013.82 for one-half of the fair market value of the law files open at the time of the community property partition.
Mr. Defley's first contention has merit. Since he was a co-owner of the immovable property in question, he is entitled to a credit for the portion of the fair monthly rental value equal to his ownership interest in the property. However, the record shows that Mr. Defley's interest in the property was not one-half as he claimed, but only one-third. The house where the law office is located was originally Mrs. Defley's family home. Mrs. Defley inherited a one-sixth naked ownership in the property when her father died. When Mrs. Defley's mother died, she bought her brother's one-sixth interest in the property with her share of her mother's succession, which gave her a one-third separate property interest in the family home. Thereafter, Mr. and Mrs. Defley exchanged the small house which they were living in for the family home. Therefore, since Mrs. Defley owned one-third of the property prior to the exchange, only two-thirds of the property became community property. Mr. Defley's interest at the time of the partition was only one-third. He is therefore *931 entitled to reduction of the award to Mrs. Defley by one-third. The trial court's judgment is amended to award Mrs. Defley only $1,266.66 for rental on the house on Highway 23, not the $1,900 awarded.
Mr. Defley's other contention, that the trial judge improperly charged him rent on the community-owned immovable property because he also gave the wife one-half of the fair market value of the law files open at the time of dissolution of the community, has no merit. Under the Louisiana Supreme Court's holding in Due v. Due, 342 So.2d 161 (La.1977), the assets of the community include obligations based on the right to receive money in the future. Id. at 163. Therefore, Mrs. Defley is entitled to credit for one-half of monies Mr. Defley expected to receive because of work performed on the law files during the existence of the community. That right is separate from her right to collect rent on her portion of the community property used by her husband for his profit.
Conclusion
For the above and foregoing reasons, the judgment of the trial court is amended to award Mrs. Defley on $1266.66 in rent instead of the $1900 originally awarded. The judgment is affirmed in all other respects. The cost of this appeal shall be divided equally between the parties.
AFFIRMED AND AMENDED.
ON MOTION FOR CORRECTION OF TYPOGRAPHICAL AND/OR COMPUTATIONAL ERROR
In our original opinion in the above number and titled case, we incorrectly stated on page 930 that the trial judge awarded Mrs. Defley $1,900 in rent on community property used by Mr. Defley as a law office. Later in the opinion, on pages 930-931, we reduced that award by one-third to $1,266.66. The actual award for rent on the community property granted by the trial judge was $19,500. When reduced by one-third, the husband's obligation should therefore have been $13,000. Our original decree is amended to award Mrs. Defley $13,000 in rent instead of the $19,500 awarded by the trial judge. In all other respects, the original decree is affirmed.