614 So.2d 91 (1992)
Joel L. BORRELLO
v.
Mary Frances Wagnon BORRELLO.
Nos. 92-C-2413, 92-C-2445.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1992.
Order On Reconsideration February 8, 1993.
*92 Edith H. Morris, Bennett Wolff, Jean Morgan Meaux, Wolff & Morris, New Orleans, for Mary Frances Wagnon Borrello.
Richard A. Goins, Adams and Reese, New Orleans, for Joel L. Borrello.
Before KLEES, BYRNES and WALTZER, JJ.
WALTZER, Judge.

BACKGROUND FACTS
In these consolidated writ applications we are to decide whether the trial court correctly ruled on certain discovery requests propounded to the law firm of Adams & Reese and to Mr. Joel Borrello, an attorney and partner in that law firm. Subpoena duces tecum and notice of deposition were filed on Adams & Reese. The following items were requested:
a. Copies of any and all documents concerning capital account activity for Joel L. Borrello from January 1, 1989 to date, including information concerning income and expense allocations and partnership distributions, on a monthly, quarterly, and annual basis.
b. Documentation showing any and all actual or proposed distributions and/or contributions in the name of Joel Borrello or Joel L. Borrello to the Supplemental Retirement plan of Adams & Reese from the inception of the plan to the present date.
c. Any and all Adams & Reese partnership balance sheets covering the period January 1, 1989 through the present date, without limitation, monthly, quarterly, and annual balance sheets showing any and all accounts receivable, work in showing any and all accounts receivable, works in process, and case costs advanced.
d. Any and all Adams & Reese monthly income statements for 1989 through the present.
f. Schedule of all monthly, quarterly, and annual Adams & Reese profit and loss statements, on both cash *93 basis and accrual basis, from January 1, 1989 through the present date.
g. Inventory of any Adams & Reese fixed assets and a schedule of acquisition dates and costs.
h. A listing of all contingency fee cases in which the firm has an interest as of the present date.
i. Copies of any and all partnership agreements entered into by Joel L. Borrello between the date of his marriage to Frannie W. Borrello and the present.
j. Any and all partnership federal and state income tax returns for the years 1989 through the present.
k. Document concerning any indebtedness from January 1, 1989 to date between Adams & Reese and Joel L. Borrello, including without limitation, any partnership loans to Joel L. Borrello and any contingent liabilities and any firm indebtedness for which he is assigned guarantor.
l. Any and all state and/or federal income taxes prepared on behalf of Adams & Reese from January 1, 1989 to date.
Adams & Reese moved to quash the subpoena and moved for a protective order. Additionally, Mrs. Borrello moved to compel discovery from Mr. Borrello, seeking the following:
1. Any and all documentation concerning any and all distributions to you from the firm of Adams & Reese during the period January 1, 1991 through the present date.
2. Any and all documentation concerning the 1991 income tax liability, as well as any and all documentation concerning calculation of the 1991 federal and state tax returns.
3. All documentation concerning the monthly financial statements (both cash basis and accrual basis and including the accounts receivable, costs advanced and work in progress totals for each month) from Adams & Reese during the period January 1991 to date, including any and all documentation concerning your capital account with Adams & Reese.
4. The 1991 Adams & Reese federal partnership income tax return.
5. Any and all bank statements and cancelled checks, withdrawal and deposit slips for all checking and/or savings accounts owned by you, either individually or with another, during the period September 1, 1989 to date.

THE TRIAL COURT RULINGS
In regard to the motion to compel, the trial court ordered Mr. Borrello to produce the documents requested in # 1, 2 and 5. Requests for production of items sought in # 3 and # 4 were denied, but as to # 3 the trial court required Mr. Borrello to produce law firm documents relating to his capital account through the present date.
Adams & Reese's motion to quash the subpoena duces tecum was granted except as to items (a) and (i). The deposition subpoena to Adams & Reese was likewise quashed. Both Adams & Reese and Mrs. Borrello seek review of the trial court's orders.

DISCUSSION
In application 92-C-2413, Adams & Reese complains that the trial court erred in ordering production of all partnership agreements from the date of the Borrellos' marriage to the present because Mrs. Borrello has not shown the relevancy of any good cause for production of financial documents of a third party nonlitigant. In application 92-C-2445, Mrs. Borrello complains that the trial court erred in denying discovery of the requested documents because those documents are necessary to determine the value of Mr. Borrello's partnership interest.

THE LAW
C.C.P. art. 1422 provides:
Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Article 1423 through 1425.

*94 Parties may obtain discovery regarding any matter, not privileged, which is relevant to subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
To the extent that it is acquired during marriage, a spouse's interest in a partnership is a community asset. Due v. Due, 342 So.2d 161 (La.1977). As such, the non-partner spouse is entitled to one-half of the value of the spouse's interest in the partnership. D'Spain v. D'Spain, 527 So.2d 309 (La.App. 5th Cir.1988), writ granted and remanded 528 So.2d 152 (La. 1988); Martinez v. Posner, Martinez and Padgett, 385 So.2d 525 (La.App. 3d Cir. 1980, writ den. 393 So.2d 727 (La.1980). The trial court is to value the assets of the community as of the time of trial on the merits. R.S. 9:2801(4)(a).
Thus, as to the trial court's order that Adams & Reese produce all partnership agreements since the date of the Borrellos' marriage, the trial court abused its discretion. It is difficult to see how the superseded partnership agreements are relevant to valuing Mr. Borrello's interest or would lead to the discovery of admissible evidence. Therefore, the relief sought by Adams & Reese is GRANTED insofar as it relates to the production of all but the current partnership agreement between Mr. Borrello and the firm since the current agreement would be relevant in determining the value of the partnership interest for trial on the merits of the partition.
Turning next to the denial of Mrs. Borrello's motion to compel the production of certain documents, the trial court did not err in this regard. The documents that she sought were documents belonging to Adams & Reese, not Mr. Borrello personally; therefore, he could not produce them. See C.C.P. art. 1461.
As to the denial of the discovery sought from Adams & Reese, there is merit to some of the issues involved. In its opposition, Adams & Reese argues that Mrs. Borrello is bound by the partnership agreement and the valuation of Mr. Borrello's interest as set forth in that document. Adams & Reese cites as support for its position Makar v. Stewart, 486 So.2d 166 (La.App. 3d Cir.1986). Considering the unusual factual circumstances in Makar, it cannot be deemed applicable to the factual situation of the present case. More pertinent is Martinez v. Posner, Martinez, and Padgett, supra, in which the Third Circuit stated that the partnership contract was personal to the partner husband and that it did not bind the nonpartner wife. Additionally, in D'Spain v. D'Spain, supra, the Fifth Circuit followed Martinez in concluding that the nonpartner wife was not bound by the partnership agreement. The court also stated that the wife was entitled to one-half the value of the husband's partnership interest as opposed to the selling price of his interest in the partnership. Hence, based on Martinez and D'Spain, Mrs. Borrello should be permitted to discover information necessary for her to establish the value of her husband's partnership interest beyond the value set forth in the partnership agreement.
However, her discovery rights are not unlimited since the information sought involves, to a certain extent, the financial information of third parties. In Greathouse v. Greathouse, 517 So.2d 380 (La. App. 5th Cir.1987), the wife filed a subpoena duces tecum seeking the business and personal bank records of a third party because her husband had given money to the third party to deposit in the third party's bank account. The trial court quashed the subpoena, but the Fifth Circuit reversed as to the personal bank records on the basis that the wife had the right to search for community funds even though the third party had the right to banking privacy. *95 The wife was not entitled to the business banking records unless she could show a more direct connection between the records and the community funds. The court also suggested that the records be produced for in camera inspection as a safeguard.
In Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788 (La.App. 3d Cir.1988), writ denied 525 So.2d 1048, 1049 (La.1989), both the trial court and the Third Circuit denied discovery of the plaintiff's income tax returns. The Third Circuit noted that good cause had to be shown to discover income tax returns because they were confidential in nature and of a personal character.
In Ouachita Nat. Bank in Monroe v. Palowsky, 554 So.2d 108 (La.App. 2d Cir. 1989), the defendant filed a subpoena duces tecum for records related to bank loans made to nonparties to the litigation. The trial court refused to quash the subpoena; but the Second Circuit reversed because the defendant failed to show the relevancy of the records and that he had good cause to discover the records of nonlitigants. The court noted that personal financial information was not to be made public except either to satisfy the important interests of others or where there was an overriding public interest in the disclosure.
Taking the foregoing into consideration, each of the items sought in the subpoena (excluding (a) and (i) which the trial court allowed) will be examined. Item (b) seeks information related to contributions by Adams & Reese to Mr. Borrello's Supplemental Retirement Plan. When the community is terminated, an employee's spouse is entitled to be recognized as owner of one-half of the value attributable to the pension or deferred compensation right earned during the existence of the community. Hare v. Hodgins, 586 So.2d 118 (La. 1991). Therefore, Mrs. Borrello is entitled to discover information related to Mr. Borrello's retirement plan because it is a community asset.
In Items (c), (d), and (f), Mrs. Borrello seeks the firm's balance sheets, monthly income statements, and profit and loss statements from 1989 to the present. This information is discoverable since the amount of money made by the partnership is relevant to determining the value; however, because the value is determined as of the time of trial, Mrs. Borrello should be given only the most recent balance sheets, monthly income and profit and loss statements. The same also applies to Item (g) which seeks information as to the partnership assets.
Item (h) deals with the firm's contingency fee contracts; and in Due v. Due, supra, the court allowed the wife to discover information related to the husband's contingency fee contracts. Hence, Mrs. Borrello should be allowed to discover this information as well. Items (j) and (l) seek state and federal tax returns for both the partnership and for the firm as a whole from 1989 to the present. As noted in Simon, supra; income tax returns are of a confidential nature, requiring that good cause and relevance be shown for their discovery. Mrs. Borrello has shown good cause in that the tax returns would aid her in establishing the value of the partnership; however, only the most recent returns are relevant to establish that value.
Finally, Item (k) seeks documents concerning the indebtedness of Mr. Borrello to Adams & Reese, including partnership loans to him and firm debts for which he is a guarantor. Such indebtedness on the part of Mr. Borrello affects the value of the community interest in the partnership; therefore, Mrs. Borrello should be allowed to discover this information.

CONCLUSION
The relief sought by Adams & Reese in application 92-C-2413 is granted in part and the trial court's judgment ordering Adams & Reese to provide Mrs. Borrello with partnership agreements that were superseded prior to the termination of the community, is REVERSED. In all other respects the trial court is AFFIRMED.
In application 92-C-2445 the trial court erred when it granted the motion to quash as it relates to Items (b), (g), (h), and (k). *96 In that regard the trial court is REVERSED.
As to Items (c), (d), (f), (j), and (l), the trial court judgment is REVERSED inasmuch as it orders the production of information from 1991 onward. In all other aspects the judgment is AFFIRMED. All of the documents should be produced with appropriate safeguards to maintain Adams & Reese's rights to confidentiality of its financial records.
WRIT OF CERTIORARI GRANTED.
WRIT APPLICATION 92-C-2413: THE TRIAL COURT IS REVERSED. WRIT APPLICATION 92-C-2445: THE TRIAL COURT IS REVERSED IN PART AND AFFIRMED IN PART.
KLEES, J., concurs in part and dissents in part.
KLEES, Judge, concurring in part and dissenting in part.
I concur in the majority's result in application 92-C-2413.
In application 92-C-2445 I concur in the majority's result in reversing items (b)(h)(k). I dissent from the result reached in reversing items (c)(d)(f)(g)(j) and (l). I cannot conclude from the showing made the relevancy of these matters.

ON RECONSIDERATION
WALZER, Judge.
We reconsider our writ disposition # 92-C-2445 of December 29, 1992, in regard to items:
(c) Any and all Adams & Reese partnership balance sheets covering the period January 1, 1989, through the present date, without limitation, monthly, quarterly, and annual balance sheets showing any and all accounts receivable, work in showing any and all accounts receivable, works in process, and case costs advanced;
(d) Any and all Adams & Reese monthly income statements for 1989 through present;
(f) Schedule of all monthly, quarterly, and annual Adams & Reese profit and loss statements, on both cash basis and accrual basis, from January 1, 1989 through the present date;
(g) Inventory of any Adams & Reese fixed assets and a schedule of acquisition dates and costs;
(j) Any and all partnership federal and state income tax returns for the years 1989 through the present;
and
(l) Any and all state and/or federal income taxes prepared on behalf of Adams & Reese from January 1, 1989 to date.
We now hold that all items sought are discoverable from 1989 through the present. Nothing should be more logically discoverable than documents reflecting the valuation of the assets and liabilities of the partnership. These documents are crucial in order to assist experts in evaluating the evidence and reaching an expert conclusion as to the fair market value of the partnership assets. The above requests are governed by the rules of discovery. The information sought appears reasonably calculated to lead to the discovery of admissible evidence. La.C.C.P. Art. 1422. Under these circumstances "it is not ground for objection that the information sought will be inadmissible at the trial." See also Perez v. State Industries, Inc., 578 So.2d 1018 (La.App. 4th Cir.1991). As in that case, the admissibility of the documents is not an issue here, only discoverability. The information sought is relevant and appears "reasonably calculated" to lead to the discovery of admissibility.
Upon request of relators, the court may issue a protective order limiting review of the requested documents and/or leave the requested material under seal for in camera inspection.