GAUDIN, Judge.
During these domestic proceedings in the 24th Judicial District Court, involving Edgar and Elaine Greathouse, the trial judge rendered various judgments from which Mrs. Greathouse has appealed. She assigns these errors:
(1) The trial court erred in granting the Motion to Quash the subpoena duces tecum issued by Mrs. Greathouse to Robert Stroh-meyer to produce his business and personal bank records for the period from 1980 to June 25, 1986;
(2) The trial court erred in assessing attorney’s fees in favor of Robert Strohmeyer and against Mrs. Greathouse;
(3) The trial court erred in denying the motion of Mrs. Greathouse that any fees against her should be paid by Mr. Great-house whose actions necessitated this discovery;
(4) The trial court erred in failing to find Mr. Greathouse in contempt of court for *381 failing to tell the truth under oath in his deposition; and
(5) The trial court erred in failing to order that the monthly community interest income received by Mr. Greathouse be placed in escrow pending a final partition of the community.
In response, Mr. Greathouse argues that these are interlocutory judgments, not final, and therefore not appealable. We agree except with regard to (1) above.
From the record, it is apparent that Mr. Greathouse forwarded funds to Mr. Strohmeyer for deposit in a Mississippi bank. There were other monetary transactions, which both Mr. Greathouse and Mr. Strohmeyer admitted and referred to. It appears that Mr. Greathouse, with Mr. Strohmeyer’s assistance, may have hidden community assets by having them deposited in Mr. Strohmeyer’s bank account or accounts.
We hold that if a person appears to assist another in the possible concealment of community funds, he subjects himself and his bank account or accounts to the judicial discovery process. Here, we find that Mr. Strohmeyer was a friend and ally of Mr. Greathouse. Community assets belonging to Mr. and Mrs. Greathouse were handled by Mr. Strohmeyer, and we believe that a subpoena duces tecum requiring Mr. Stroh-meyer to produce his personal bank records was and is both proper and in full accord with the facts and circumstances of the financial relationship between Mr. Greathouse and Mr. Strohmeyer.
Mr. Strohmeyer’s business records, however, would be exempt from the subpoena duces tecum unless Mrs. Greathouse can show a more direct connection between these records and Greathouse community funds.
While we are ordering Mr. Strohmeyer to produce his personal bank records, we do not say that he necessarily has to present his records in open court, so that they form part of this record and become public. The trial judge may designate on the subpoena any safeguards he deems appropriate, such as ordering Mr. Strohmeyer to produce his bank records in chambers for an in camera inspection.
We are aware of the right of an individual to banking privacy, but we also recognize the right of Mrs. Greathouse to reasonably search for community funds. These rights, however, are not absolute. We believe that requiring Mr. Strohmeyer to produce his personal bank records under the scrutiny of the trial judge and with specified safeguards will do justice to and protect both rights.
We remand this case to the district court for further proceedings and for the issuance of an appropriate subpoena duces tecum. All other matters complained of by Mrs. Greathouse on appeal are interlocutory and do not suggest irreparable injury (as does the failure to issue a subpoena duces tecum to Mr. Strohmeyer). They will not now be addressed by this Court.
REMANDED WITH INSTRUCTIONS.