CRAIN, Judge.
This is an appeal of a declaratory judgment setting the amount of attorney fees in a contingency fee contract.
*569 FACTS
Robert D. Skidmore was killed in an airplane crash on March 6,1983. The aircraft was piloted by H. Davis Tubre and owned by Bengal Flyers (Bengal). Shortly after the accident Janice Schneck Skidmore, the decedents wife, received a phone call from Hugh Mason, Jr., an accident investigator/adjuster hired by Aerospace Managers, Inc., managers of aircraft policies issued by Security Insurance Company, the liability insurer of the airplane for Bengal Flyers. He informed Janice Skidmore that an investigation of the accident had not been completed, that a policy of insurance in the amount of $100,000 existed which might cover the decedent’s death, and offered $80,000 to settle the case without an investigation. Janice Skidmore consulted Guy Módica, an attorney, about the necessity of legal representation and potential avenues of recovery. He advised her to obtain a written settlement offer and presented her with a contingency contract which waived the contingency fee as to any written settlement offer which she might obtain. She did not obtain a written settlement offer and did not sign the contract with Mr. Módica.
Janice Skidmore consulted Guy Módica again and signed a contingency fee contract with him on April 13, 1983. The contract did not contain the provision waiving the contingency fee as to prior settlement offers, but Mr. Módica did agree to assist in the recovery of life insurance proceeds without a fee. Guy Módica wrote a letter to Hugh Mason, Jr., informing him of the existence of an attorney-client relationship with Mrs. Skidmore, and requesting a copy of the insurance policy. Hugh Mason, Jr., also received a letter from Don Dawson, an attorney, stating that he represented Janice Skidmore. In a telephone conversation Mrs. Janice Skidmore informed Mr. Mason that Guy Módica was only authorized to assist her in the recovery of the life insurance proceeds, but not in any other matter. Hugh Mason, Jr., sent a letter to Guy Módica stating that he did not know if Mrs. Skidmore was represented by counsel and that he would not communicate further until he was assured by Janice Skidmore. He also sent a letter to Don Dawson and to Janice Skidmore to the same effect. Hugh Mason received no response to any of the letters. In March, 1984, suit was filed by Guy Módica on behalf of Janice Skidmore and Christy Leigh Skidmore, the minor child of Janice and Robert Skidmore, against Bengal Flyers, H. Davis Tubre, the pilot, the individual stock holders of Bengal Flyers, Aerospace Managers, Inc., the liability insurer of the airplane for Bengal Flyers, and Beech Aircraft Corporation, the manufacturer of the airplane, (hereinafter “Beech”). On or about April 6, 1984, approximately a month after suit was filed, Hugh Mason, Jr., sent a written offer to Guy Módica of the policy limit of $100,000 to settle the case against Bengal Flyers and H. Davis Tubre. On July 10, 1986, Janice Skidmore accepted the settlement offer against the advice of Guy Módica. Sometime thereafter, she became aware that Guy Módica claimed that a contingency fee was owed as to the settlement. She filed a petition for declaratory judgment to declare that no fee was due Módica or that the fee be based on quantum meruit.
The trial court found the existence of a contingency fee contract but applied it only to the amount of the settlement agreement in excess of $80,000. The issue for review is whether the trial court erred in finding the existence of a contingency fee contract but exempting the first $80,000 received in the settlement agreement from the contingency fee.
THE EXISTENCE OF A CONTINGENCY FEE CONTRACT
On April 1, 1983, Janice Skidmore signed a contingency fee contract with Guy Módica. The contract did not contain a provision exempting any prior settlement offers from the application of the contingency fee. Guy Modica had presented her with a contingency fee contract in March, 1983 that contained an exemption for settlement offers but she did not sign it. She knew that the agreement she signed did not contain a similar provision exempting *570 prior settlement offers from the contingency fee. The evidence totally supports the existence of a contingency fee agreement between the parties.
THE “EARNED” FEE
In Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979), the court held that the full percentage called for by the contingency fee contract is due the attorney only when all or substantially all of the legal services called for by the contract have been performed. In the event employment of the attorney terminates for any reason other than cause, the attorney is entitled to a non-excessive earned fee. Only one contingency fee should be paid by the client. Saucier, 373 So.2d at 118. That fee should be apportioned among the various attorneys involved based on factors set forth in the Code of Professional Responsibility. The involved attorneys are indispensable parties in litigation of the earned fee question. Saucier, 373 So.2d at 119.
In the present case the trial court made an earned fee determination rather than enforcement of the percentage called for in the contract. This conclusion is obviously correct since the record reflects that the suit against Beechcraft is still unresolved. However, there are further findings of the trial court with which we disagree.
The trial court found the existence of a contingency agreement between the parties, but found that the fee was not an “earned fee” as to the first $80,000 received in the settlement agreement because Janice Skidmore had received an offer to settle the claim prior to the contingency fee agreement. The trial court further considered only the attorney's efforts as to collection of the liability policy of Aerospace Managers, Inc. and not the attorney’s efforts as to all of the potential claims, in determining what was an “earned fee”. We find this to be error.
The agreement by Guy Módica was to represent Janice Skidmore in the claims and causes of action against “Bengal Flyers, Inc., Beechcraft Aircrafts, David Tubre (pilot) and others and their insurers”. He agreed to represent her in all of these claims and to receive a contingency fee on any recovery for his efforts against those parties. He did not sign separate contingency contracts as to each claim or cause of action so as to require a separate determination of whether the fee was “earned” as to each. The trial court should have considered all of Guy Modica’s efforts expended on all of the claims to determine what portion of the fee was earned. Guy Módica testified that he had put in over 350 hours in the attempt to develop and advance the claims against Beech Aircraft, the attempt to pierce the corporate veil and recover against the shareholders individually, and develop other avenues of recovery for Janice Skidmore. He filed his records setting forth a breakdown of his hours expended on the case. No evidence was produced to the contrary.
We find that no proceeds are excluded from the earned fee. The trial court did not find the contingency contract to be ambiguous nor did he find the existence of fraud. We agree. The provisions of the contract are clear. Guy Módica was to receive forty percent of any recovery as a contingency fee. We reverse the judgment of the trial court insofar as it exempts the first $80,000 received in the settlement agreement from the contingency fee contract.
Nothing in Saucier indicates that an earned fee determination cannot be made immediately for an attorney whose services are complete through discharge without cause or withdrawal. But see, Due v. Due, 331 So.2d 858 (La.App. 1st Cir.1976). However, there appear to be practical as well as legal reasons why such a determination in this case at this time is premature. Guy Modica agreed to represent Janice Skidmore in all of her claims against all of the parties. The resolution of her claims is not complete. Suit was filed against Beech Aircraft and is still pending. It has not been litigated, settled or dismissed. Even if the claim were successfully pursued by another attorney, Guy Modica might have a claim for an earned fee on a portion of the recovery. Addition *571 ally, Janice Skidmore had another attorney, Robert White, assist her in the settlement proceedings. There is no evidence of the amount of effort expended by him in this endeavor or the fee charged. Robert White or any other attorney involved in the proceedings covered by the contract are indispensable parties in a final apportionment of the fee. Saucier, 373 So.2d 118. Consequently, although we make no determination that the earned fee[1] cannot be litigated at this time, we remand for a determination based upon the conclusions we have reached herein and for a joining of all attorneys involved in the proceedings covered by the contract as indispensable parties.
We reverse the judgment of the trial court and remand for proceedings consistent with this opinion. All costs of this appeal are assessed against the appellant.
REVERSED AND REMANDED.

. It should be noted that the determination of the earned fee is subject to the restriction of the Rules of Professional Conduct, Rule 1.5, Ch. 4 App. See also, Horton v. Butler, 387 So.2d 1315 (La.App. 1st Cir.) writ denied, 394 So.2d 607 (La.1980).