COOKS, Judge.
FACTS
This case involves an attorney’s intervention for assessment of fees in her former client’s tort suit. In September of 1990, Mr. Thanh Mai sustained personal injuries. He executed a contingency fee contract with Kathleen Bilbe retaining her legal services in pursuit of his claim for damages. This contract provided for attorney’s fees of 35% prior to suit or 40% if suit was filed. In March of 1992, Mai discharged Kathleen Bilbe and hired a second attorney, Allen Borne. Borne filed suit and ultimately settled Mai’s tort case for $25,000.00, the maximum available insurance coverage. The attorneys were unable to amicably agree on the allocation of the fees contractually specified.
INTERVENTION HEARING
At the trial of Bilbe’s intervention claim, she attempted to introduce time sheets allegedly reflecting the actual hours invested by her in representing Mai. The trial judge excluded the time sheets finding they were improperly submitted as attachments to a pre-trial memorandum. The memorandum was filed the morning of trial despite local court Rule 16 of the Fifteenth Judicial District which requires that a litigant file all such memorandums seven (7) days prior to trial.
1st Attorney — Kathleen Bilbe
2nd Attorney — Allen Borne
Louisiana Code of Evidence article 403 provides “although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ... or by considerations of undue delay.” The trial judge found the attempt to introduce this evidence on the morning of the intervention hearing constituted “undue delay” in presentment and its admission would unfairly prejudice opposing counsel. We do not find the trial judge abused his wide discretion excluding this evidence.
Bilbe testified she spent 41.25 hours on Mai’s ease. Our examination of the proffered time sheets reveals the hours of work recorded substantially track Bilbe’s oral accounting at trial. We also note 6.75 hours are claimed for time Bilbe spent well after her discharge. Bilbe’s authority to charge any time to Mai’s account ended on the date of her termination. Additionally, Bilbe’s testimony disclosed she spent 1.5 hours handling an unrelated legal matter for Mai. Subtracting these hours, Bilbe expended 33 hours in the pursuit of Mai’s personal injury suit.
Mai convincingly disputed the consultation time recorded by Bilbe. Additionally, the second attorney estimated he spent 40 to 50 hours pursuing Mai’s tort case. These hours do not include the considerable time spent by the second attorney defending Bilbe’s intervention petition.
ALLOCATION OF ATTORNEY’S FEES AND COSTS
Following the intervention hearing, the trial judge ordered the following division of the settlement proceeds:
3,000 attorney’s fees
1,479.22 reimbursement out-of-pocket expenses
7,000 attorney’s fees
2,616 reimbursement out-of-pocket expenses
The client received $10,904.78. All costs of the proceedings were divided equally. Bilbe argues on appeal that the fees apportioned to her were inadequate. She contends her fees *1204 should have been based on 35% of $13,386.75, the actual offer communicated to her by the insurance carrier prior to discharge. Her proposed fee split equals $4,685.36.
STANDARD FOR ALLOCATING ATTORNEY’S FEES
Attorney’s fees are subject to review and control by the court. Nothing is more firmly settled in Louisiana. It makes no difference that the fee was set in contract. Leenarts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982) or by statute City of Baton Rouge v. Stouffer Chemical Co., 500 So.2d 397 (La.1987), whether the fee is contingent upon recovery. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979); Skidmore v. Bengal Flyers, Inc., 546 So.2d 568 (La.App. 1st Cir.1989) or is an hourly charge. The bottom line has got to be in accord with Louisiana’s Rule 1.5 which begins with the sentence, “A lawyer’s fee shall be reasonable.” La.R.S. 37 Ch. 4 app. art. 16, rule 1.5 (1988) Developments in the Law, 1989-1990: Professional Responsibility, Mengis, 51 LLR 389, at 394-5.
Review of the record indicates the trial judge weighed the factors contained in Rule 1.5 in assessing reasonable fees for Bilbe’s legal services. We find the trial judge did not abuse his discretion in apportioning the fees between the attorneys.
SANCTIONS FOR FRIVOLOUS APPEAL
Borne requests that this court award attorney’s fees for his defense of this appeal. Louisiana Code of Civil Procedure article 863 allows the granting of sanctions on appeal when an attorney files pleadings which are frivolous. Although we note that sanctions should be reserved for only exceptional cases, we find this case is one of those rare instances. The intervenor-appellant could not-have reasonably believed, after factual and legal inquiry, that there was a basis for her appeal.
This court has previously enunciated its intention to limit review of attorney’s fees to those cases where a “clearly excessive fee” is involved. Desselle v. Moreauville State Bank, 553 So.2d 1067 (La.App. 3rd Cir.1989), writ denied, 558 So.2d 584 (La. 1201990). To prevail on appeal, Bilbe had the burden of proving the trial judge abused his discretion by awarding Borne a clearly excessive fee or that her fee award was grossly inadequate. Under the facts of this case, there was no reasonable basis for such assertion. Bilbe vigorously pursued this appeal despite the award of $3,000 for, at most, 33 hours of work. Our review of the record indicates Borne was forced to expend considerable time and energy defending Bilbe’s meritless appeal. We find Borne is entitled to attorney’s fees in the amount of $1,500.00.
COSTS OF PRIOR PROCEEDINGS
Furthermore, we find the trial court was clearly wrong in equally dividing the costs of the proceedings below. The trial record indicates after plaintiff’s petition was filed all other pleadings in this matter relate to Bilbe’s intervention.[1] The client should not be forced to bear the expense associated with Bilbe’s protracted intervention action.
DECREE
For the reasons assigned the trial court’s allocation of attorney’s fees and out-of-pocket expenses is affirmed. However, the trial court’s judgment is amended insofar as it divides equally the costs of the trial court proceedings. It is now ORDERED, ADJUDGED and DECREED that the costs be divided as follows: All costs accrued through the date of judgment shall be divided equally between the attorneys, Borne and Bilbe; all other costs associated with the proceedings below are cast against intervenor/appellant, Bilbe. It is further ORDERED, ADJUDGED and DECREED that interve-nor/appellant pay $1,500.00 in attorney’s fees *1205 to Allen Borne. Costs of this appeal are assessed to intervenor/appellant.
. , , AMENDED and AFFIRMED.
DOUCET, J., concurs.

. The trial record consists of 122 pages; the petition constitutes seventeen (17) of these pages and the remainder of the record relates to Ms. Bilbe's intervention.