705 So.2d 745 (1997)
Dr. Edward A. ROBINSON, III, Plaintiff-Appellant,
v.
Attorney Dr. Clarence THORNTON, Defendant-Appellee.
No. 96-1329.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
Writ Denied February 6, 1998.
*746 Mark D. Plaisance, Baker, for Dr. Edward A. Robinson, III.
Arlene Carimi Edwards, Baton Rouge, Reginald Wayne Abrams, Shreveport, for Dr. Clarence Thornton.
Robert Elton Arceneaux, New Orleans, for Barham & Arceneaux.
Before COOKS and PETERS, JJ., and BABINEAUX[1], J. Pro Tem.
PETERS, Judge.
This appeal arises out of a dispute between two attorneys, who are also medical doctors, over the division of an attorney fee in a medical malpractice case. The plaintiff, Edward A. Robinson III appeals and requests an increase of the $27,700.00 judgment awarded to him by the trial court. The defendant, Clarence Thornton, has answered the appeal, seeking a decrease in the award to Robinson. Additionally, Thornton seeks sanctions against Robinson for filing a frivolous appeal. For the following reasons, we affirm the trial court's judgment.

DISCUSSION OF THE RECORD
The litigants presented no testimony at trial. Instead, the trial court was required to decide the division issue solely on the document that represents the agreement between Robinson and Thornton and on those facts not in dispute as stated in the arguments of counsel. We review that decision by doing the same.
It is not disputed that Harold and Alma Donaldson retained Clarence Thornton to pursue a medical malpractice claim on their behalf and that the Donaldsons and Thornton executed an agreement providing in part for a contingent fee to Thornton of forty percent of the total amount collected on the claim.
Subsequent to being retained by the Donaldsons, Thornton associated Robinson to assist in the prosecution of the claim. On October 11, 1989, the two entered into an agreement entitled "CONTRACT OF ASSOCIATION ON CASE OF Harold E. Donaldson versus St. Francis Cabrini Hospital," a copy of which is in the record. The agreement provides in part:
It is hereby understood and agreed to by all parties, that Dr. Robinson's fee will be 50% of Attorney Dr. Thornton's fee in this case....
It is understood and recognized that Dr. Thornton's fee is ... 40% if tried and accordingly Dr. Robinson's fee will be 50% of Dr. Thornton's fee.
The trial of the Donaldsons' claim resulted in a $225,000.00 jury verdict in their favor. On appeal, this court reversed the trial court's judgment. Donaldson v. Sanders, 94-1366 (La.App. 3 Cir. 7/19/95); 661 So.2d 1010.
Subsequent to this court's decision, Thornton consulted with the law firm of Barham & Arceneaux (sometimes referred to hereafter as "the firm") in an effort to obtain expert assistance in applying for writs to the Louisiana Supreme Court. Barham & Arceneaux offered to assist in pursuing the claim on writs to the supreme court in exchange for fifty percent of Thornton's forty percent contingent fee. Robinson objected to employing *747 Barham & Arceneaux and instead recommended another appellate expert, who he suggested could be retained for no more than one-third of the forty percent continent fee. Notwithstanding Robinson's objection, and after Robinson refused to endorse a proposed contract of employment with Barham & Arceneaux, Thornton agreed to the firm's terms. In a letter to the firm dated August 16, 1995, Thornton wrote the following:
I am in receipt of the letter confirming our agreement regarding your involvement in the appeal of the Donaldson case. Our oral agreement stands, as you will receive 50% of the 40% attorney's fees expected to be derived from the case following the successful appeal.
Inasmuch as I am the attorney who obtained the contract to prosecute this case from Mrs. Donaldson and inasmuch as I hired Dr. Robinson to assist me at 50% of my attorney fees, there is no need for his signature or approval, especially because we have nothing at this point. As a courtesy, however, I requested that he, too, sign the agreement. Unfortunately, he refused. This is a problem to be resolved between Dr. Robinson and myself and has nothing to do with any of your attorney's fees.
Thornton also granted Barham & Arceneaux exclusive control over the claim for the duration of the appeal process.
Barham & Arceneaux first filed a motion for rehearing in this court, which was denied. The firm then filed a writ application with the supreme court, which was granted. Donaldson v. Sanders, 95-2940 (La.2/28/96); 668 So.2d 363. Before the scheduled oral arguments on the writ to the supreme court, the firm settled the Donaldsons' claim for $277,000.00.
Pursuant to the terms of the original contingent fee contract with the Donaldsons, the firm withheld forty percent, or $110,800.00, from the settlement as attorney fees. Thornton then communicated with Robinson that, pursuant to his agreement with Barham & Arceneaux and despite the fact that Robinson had refused to participate past the third-circuit level, the original agreement would be honored and that the two would share equally in one-half of the attorney fee, thereby receiving $27,700.00 each. Robinson objected to the proposed distribution and filed the motion currently before this court. In that motion, he requested that the trial court order Thornton to show cause why he should not be compelled to pay Robinson the full $55,400.00 as his share of the attorney fee as well as $5,100.00 in expenses. He further requested that the trial court order the entire attorney fee of $110,800.00 be deposited into the registry of the court, pending a judicial determination of the appropriate disbursement. An order setting a hearing on the rule and ordering the deposit of the entire attorney fee into the registry of the court was then signed by the trial court.
Barham & Arceneaux then filed a motion to reconsider the order to deposit the entire amount into the registry of the court on the basis that the firm had previously deposited the disputed portion, $55,400.00, in the registry of the court. The trial court issued an order rescinding the prior order but also ordering that Barham & Arceneaux maintain the remaining attorney fee in its trust account pending resolution of the litigation.
In response to the motion filed by Robinson, Thornton filed a declinatory exception of improper venue, a dilatory exception of unauthorized use of summary proceedings, and a motion to transfer the proceedings to East Baton Rouge Parish based on forum non conveniens. All of the exceptions and motions were disposed of at a hearing on June 17, 1996. In rendering judgment, the trial court denied the exceptions and motion to transfer and awarded fifty percent of the total attorney fee to Barham & Arceneaux, twenty-five percent to Thornton, and twenty-five percent to Robinson. It is from this judgment that Robinson appeals.
In his appeal, Robinson asserts that (1) the trial court erred in finding that Thornton had control of the litigation such that he had authority to dictate the fee arrangements and (2) the trial court erred in awarding Robinson only $27,700.00. In his initial answer to the appeal, Thornton asserts Robinson's appeal is frivolous and that he is entitled to attorney fees and costs for his defense of the appeal. In an amended answer, *748 Thornton further asserts that the trial court erred in awarding Robinson anything since, when he withdrew from the case, it was worth nothing.

OPINION
The trial court concluded that the contract between Thornton and Robinson did not give Robinson "veto power" over the tactical decisions concerning the litigation and that it only provided for an equal division of the ultimate attorney fee. Robinson asserts that this conclusion was in error in that he and Thornton had entered into a joint venture which, under Louisiana law, is governed by the same rules applicable to partnership. See Peterson v. BE & K Inc. of Alabama, 94-0005 (La.App. 1 Cir. 3/3/95); 652 So.2d 617, writ denied, 95-0818 (La.5/12/95); 654 So.2d 350. Robinson argues that, as a joint venture, unanimity is required to admit a new partner in the venture and that management and operation decisions must be made by a majority of the joint-venture participants. See La.Civ.Code art. 2807. Additionally, Robinson argues that, although Thornton was free to share his interest in the joint venture with a third person, he could not, without Robinson's approval, make that third person a member of the joint venture. See La.Civ.Code art. 2812.
On the limited facts presented to it, the trial court concluded that the agreement between Robinson and Thornton did not divest Thornton of the ultimate control of the claim. While we agree with Robinson's interpretation of the law concerning joint ventures generally, the matter before us involves the special area of division of attorney fees, which constitutes an exception to the general rules concerning joint ventures.
Attorney fees are subject to review and control by the court. Nothing is more firmly settled in Louisiana. It makes no difference that the fee was set in a contract or by statute, whether the fee is contingent upon recovery or is an hourly charge. The bottom line has got to be in accord with Louisiana's rule 1.5 which begins with the sentence, "A lawyer's fee shall be reasonable."
Warren L. Mengis, Professional Responsibility, 51 LA. L.REV. 389, 394-95 (1990) (footnotes omitted) (cited with approval in Mai v. Blair, 634 So.2d 1202 (La.App. 3 Cir.1993)). Thus, whether the arrangement between Robinson and Thornton was a joint venture is totally irrelevant to the issue before the court. Even assuming there was a joint venture, we do not find any evidence to support Robinson's assertion that Thornton granted him any authority to prosecute the claim other than to assist in obtaining a satisfactory result for the clients. The Donaldsons were Thornton's clients and not Robinson's, and we find no merit in Robinson's first assignment of error.
In his second assignment of error, Robinson argues that the trial court erred in only awarding him $27,700.00. In fact, he argues that he should be awarded fifty percent of the total fee, thereby leaving Thornton with nothing. The trial court concluded that it would be an "absurd result" to require that Thornton relinquish his entire fee to Robinson based on the language of their agreement. We agree that the only reasonable interpretation of the contract is that Robinson is to receive fifty percent of Thornton's fee and nothing else. We find no error in the trial court's conclusion and thus find no merit in the second assignment of error.
In answering the appeal, Thornton requests that we reduce Robinson's award. While we agree that at the time Robinson withdrew from the litigation the case value was zero, Thornton acknowledged that Robinson was never removed from the case and that he [Thornton] fully intended to share the fee equally with Robinson. Therefore, we find no merit in Thornton's request.
As to the issue of sanctions, we find this to be a very close case. La.Code Civ.P. art. 2164 provides that an appellate court may award damages for frivolous appeal. However, such damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, that serious legal questions are not raised, or that the attorney does not seriously believe in the position he advocates. Covington v. A-Able Roofing, Inc., 95-1126 (La.App. 3 *749 Cir. 3/6/96); 670 So.2d 611. We conclude that Robinson's argument concerning the joint-venture theory does not warrant imposition of sanctions.

DISPOSITION
For the foregoing reasons, the decision of the trial court is affirmed in all respects. All costs of this appeal are taxed against Edward A. Robinson III.
AFFIRMED.
BABINEAUX, J., concurs.
COOKS, J., dissents and assigns written reasons.
COOKS, Judge, dissenting.
The majority correctly notes attorney fees are subject to review and control by the court and "shall be reasonable." They extract and rely on a passage found in Mai v. Blair, 634 So.2d 1202 (La.App. 3 Cir.1993) which cited with approval Warren L. Mengis' comments that the bottom line of attorney fee arrangements of whatever kind must be in accord with Louisiana Rule l.5 which begins with the sentence, "A lawyer's fee shall be reasonable." The majority ultimately concludes it mattered not whether the arrangement between Thornton and Robinson constituted a joint venture because the case "involves the special area of division of attorney fees, which constitutes an exception to the general rules concerning joint venture" and "Thornton did not grant Robinson any authority to prosecute the claim other than to assist in obtaining a satisfactory result for the client."
Mai is factually distinguishable from the present case. The discharged attorney in that case sought to recover fees for work allegedly performed. The court was not called to consider the validity or "reasonableness" of a fee splitting contract. The majority's holding today virtually drives a "death nail" in all fee sharing arrangements between attorneys.
No evidence was offered in this case which even remotely suggests that the initial fee splitting arrangement between Robinson and Thornton was unreasonable vis-a-vis each other or the client they undertook to represent. It is not "inherently" unfair or manifestly unreasonable for lawyers to enter arrangements to share fees between them equally or on some other basis. Additionally, the record does not contain any evidence tending to establish that it was unreasonable not to retain the Barham firm or that the firm suggested by Robinson did not possess the skills necessary to successfully pursue the case on writs to the supreme court.
In Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978) the Louisiana Supreme Court held where a party to a contingency fee agreement discharges his attorney before the fee is earned the attorney's mandate is revoked, the contract is dissolved and quantum meruit provides the proper basis for recovery. Thornton did not seek to terminate the "Contract of Association" existing between him and Robinson before the settlement, and the Donaldsons did not exercise any independent right they might have possessed, as clients, to discharge Robinson for any reason. LSA-Bar Art. 16 RPC R. 1.16.
Rule 1.5 substantially tracks the language in Disciplinary Rule 2-l07 of the Code of Professional Responsibility which was replaced by the Rules of Professional Conduct effective January 1, 1987. Interpreting the effect of Rule 2-107 on agreements to share contingency fees between attorneys, the first circuit court of appeal in Scurto v. Siegrist, 598 So.2d 507, 509-10 (La.App. 1 Cir.), writ denied, 600 So.2d 683 (La.1992), held:
In the situation where a retained attorney associates, employs or procures the employment of another attorney to assist him in handling a case involving a contingency fee, the agreement regarding division of the fee is a joint venture which gives the parties to the contract the right to participate in the fund resulting from the payment of the fee by the client. Thus, the suit by an attorney to recover pursuant to that agreement is a suit to recover for breach of the agreement to share in the fund resulting from payment of the fee. It is not a suit for recovery of attorney's fees. Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts, 354 So.2d 192 (La.1978). When the attorneys *750 in a Duer situation have entered into an agreement regarding the division of the fee the Code of Professional Responsibility (or Rules of Professional Conduct) does not prohibit enforcement of that agreement and does not require apportioning of the fee on a quantum meruit basis.... See Lloyd v. Tritico, 527 So.2d 57 (La.App. 3d Cir.), writ denied, 528 So.2d l54 (La.1988); Defrancesch v. Hardin, 510 So.2d 42 (La.App. 1st Cir.), writ denied, 513 So.2d 819 (La.1987). (Emphasis added.)
No sound reason exists to depart from the holding in Scurto. The doctrine of quantum meruit has no application in this case; and, the Rules of Professional Conduct do not prevent enforcement of the "Contract of Association" executed by Thornton and Robinson. Robinson performed research, assisted at the medical review panel proceedings, at trial, in preparing a brief to this court on appeal, and he advanced his pro rata share of the expenses incurred in the case. Like the Court found in Scurto, "[t]he agreement between plaintiff and defendant was one confected between two professionals and we will not assume the position of dictating to attorneys in a Duer situation exactly how much work they need perform to entitle them to a certain fee." Id. at 510.
Scurto does not stand alone in Louisiana jurisprudence. The Louisiana Supreme Court long before recognized "where an attorney retained in a case employs or procures the employment of another to assist him, as regards the division of fee, the agreement constitutes a joint venture or special partnership." McCann v. Todd, 203 La. 631, 14 So.2d 469, 472 (1943) [quoting 7 C.J.S. Attorney and Client p. 1038 § 174]. Since the relationship between the joint venturers is governed by the same rules applicable to partnership, Thornton could share only his interest in the venture with a third person without Robinson's consent. La.Civ. Code art. 2812.
Further, the majority compounded the error committed below when it found the "Donaldsons were Thornton's clients and not Robinson's;" and, Thornton retained exclusive control of the case and thus presumably possessed the power to unilaterally change the terms of the contract existing between him and Robinson.
Reading the contract for its "plain meaning," Thornton unequivocally retained Robinson as an "associate counsel" and he agreed to split equally with him the 40% contingency fee based on the whole recovery he expected to earn if successful in pursuing the litigation. La. Civ.Code art.2047 and 2050. To interpret the contract as suggested by Thornton and concluded by the majority render the 40% proviso meaningless. Courts are not permitted to excise from or supply language to adjust the contractual obligations incurred by the parties because circumstances may change and the deal they struck may work to the disadvantage of the other. At the time the contract was perfected, the attorneys possessed equal bargaining strength; and, as lawyers, they knew better than perhaps lay persons that words in a contract must be given their customary or technical meaning. Nothing in this record makes it appropriate for a reviewing court, though it retains supervisory power over attorney fees, to allow an attorney to unilaterally alter the terms of a valid fee splitting contracts.
Nonetheless, Robinson admits in brief and acknowledged at the hearing he was willing to retain outside counsel to pursue the matter further on appeal. Robinson consented at this stage to pay one-third of the fees to retain expert assistance, albeit not to the Barham firm. By implication, the fee sharing arrangement between him and Thornton was modified (at least) to the extent he was willing to share a portion of his fees with a third party. See Big "D" Dirt Servs., Inc. v. Westwood, Inc., 94-1234 (La.App. 3 Cir. 3/1/95), 653 So.2d 604; Professional Construction Services, Inc. v. Lee M. Marcello Contractor, Inc., 550 So.2d 968 (La.App. 5 Cir.1989), writ denied, 556 So.2d 36 (La. 1990), [citing Bank of La. v. Campbell, 329 So.2d 235 (La.App. 4 Cir.), writ denied, 332 So.2d 866 (La.1976)]. Robinson cannot claim the fifty percent share originally promised him by Thornton; but Thornton could not "give away" more than Robinson was *751 willing to divest. I believe he is entitled to receive 1/3 of the total contingency fee.
NOTES
[1] Honorable Allen M. Babineaux participated in this decision by appointment of the Louisiana Supreme Court as judge pro tempore.