# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 04-1038

LAMSON PETROLEUM CORPORATION

VERSUS

HALLWOOD PETROLEUM, INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 932342
HONORABLE HAROLD J. BROUILLETTE, DISTRICT JUDGE

**********

**BILLIE COLOMBARO WOODARD
JUDGE**

**********

Court composed of Billie Colombaro Woodard, Elizabeth A. Pickett, and John B. Scofield,[*] Judges.

**AFFIRMED.**

Jefferson Joseph Moss, Jr.
Moss & Bradley
Post Office Box 2907
Lafayette, Louisiana 70502-2907
(337) 237-6280
COUNSEL FOR
DEFENDANT/APPELLEE:
    Doug Ashy
    Ena Claire Ashy

Richard Ferguson Price, Jr.
Attorney at Law
474 Metairie Road, Suite 203
Metairie, Louisiana 70005-4331
(504) 834-5559
COUNSEL FOR
DEFENDANT/APPELLEE:
    James H. Echezabal
    J.H. Echezabel, Inc.

---

[*]Judge John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore*.

Carl David Rosenblum
Jones, Walker, Waechter, Poitevent,
Carrere, Denegre, L.L.P.
201 St. Charles Ave.
New Orleans, Louisiana 70170
(504) 582-8000
COUNSEL FOR
PLAINTIFFS/APPELLANTS:
    John E. Girard
    Gregory Satterfield
    Lawrence D. Bailey
    Scott R. Satterfield
    Buffalo Minerals, LLC
    Ernest Gerald Mason
    Michael Brian Satterfield
    Mary Joe Satterfield
    Barbara Ann Camp
    Lamson      Petroleum
    Corporation

Robin Daniel McGuire
Jones, Walker, Waechter, Poitevent,
Carrere, Denegre, L.L.P.
500 Dover Blvd., Suite 120
Lafayette, Louisiana 70503
(337) 406-5610
COUNSEL FOR
PLAINTIFFS/APPELLANTS:
    Buffalo Minerals, LLC
    Michael Brian Satterfield
    Gregory Satterfield
    Barbara Ann Camp
    Lawrence D. Bailey
    Mary Joe Satterfield
    John E. Girard
    Lamson      Petroleum
    Corporation
    Scott R. Satterfield
    Ernest Gerald Mason

Arthur Daniel Mouton
Attorney at Law
Post Office Box 52269
Lafayette, Louisiana 70505
(337) 233-3697
COUNSEL FOR
PLAINTIFFS/APPELLANTS:
John E. Girard
    Barbara Ann Camp
    Gregory Satterfield
    Buffalo Minerals, LLC
    Mary Joe Satterfield
    Michael Brian Satterfield
    Scott R. Satterfield
    Ernest Gerald Mason
    Lawrence D. Bailey
    Lamson      Petroleum
    Corporation

Timothy Scott Cragin
Attorney at Law
639 Loyola Avenue, 26th Floor
New Orleans, Louisiana 70113
(504) 576-6571
COUNSEL FOR
PLAINTIFFS/APPELLANTS:
    Mary Joe Satterfield
    Lamson      Petroleum
    Corporation
    Scott R. Satterfield
    Buffalo Minerals, LLC
    Ernest Gerald Mason
    Gregory Satterfield
    John E. Girard
    Barbara Ann Camp
    Lawrence D. Bailey
    Michael Brian Satterfield

James Parkerson Roy
Domengeaux & Wright
Post Office Box 3668
Lafayette, Louisiana 70502
(337) 233-3033
COUNSEL FOR
DEFENDANT/APPELLEE:
    James Parkerson Roy

Fred William Davis
Attorney at Law
701 Robley Drive, Suite 210
Lafayette, Louisiana 70503
(337) 981-0309
COUNSEL FOR
DEFENDANT/APPELLEE:
    Bethel   Baptist   Church,
    Lafayette, Louisiana

2

Ewell Elton Eagan, Jr.
Gordon, Arata, McCollam,
Duplantis & Eagan, L.L.P.
201 St. Charles Ave., #4000
New Orleans, Louisiana 70170
(504) 582-1111
COUNSEL FOR
DEFENDANT/APPELLEE:
    Union Oil Company of
    California
    Arthur C. LeBlanc, Jr.
    CPL & Associates


John Weir Grant
Attorney at Law
Post Office Drawer 52604
Lafayette, Louisiana 70505-2604
(337) 234-3777
COUNSEL FOR
DEFENDANT/APPELLEE:
    Robert J. Boudreaux
    Mabel B. Lagneaux
    Donald T. Boudreaux
    Wayne Boudreaux

Mark Harrison Tompkins
Attorney at Law
Post Office Box 52526
Lafayette, Louisiana 70505
(337) 232-5300
COUNSEL FOR
DEFENDANT/APPELLEE:
    Ena Claire Ashy
    James H. Echezabal
    Doug Ashy
    Triton Oil & Gas Corp.
    Petrocorp, Inc.
    Union Oil Company of
    California
    J.H. Echezabel, Inc.


Marshall Fitzgerald Maestri
Attorney at Law
Post Office Box 39200
Lafayette, Louisiana 70593-9200
COUNSEL FOR
DEFENDANT/APPELLEE:
    Union Oil Company of
    California

WOODARD, Judge.

Lamson Petroleum appeals the trial court's judgment concerning accounting. It alleges that the court improperly admitted evidence and improperly relied on evidence when rendering judgment. Because we find no error in the trial court's rulings, we affirm.

* * * * *

This appeal arises out of the contested ownership of several tracts of land in the Scott Field Area of Lafayette Parish, Louisiana.[1] Hallwood Petroleum began searching for oil in Scott Field in 1989. In the mid 1990's, Lamson Petroleum (Lamson) researched the public records for the area and concluded that the lessors who had leased certain roadbeds to Hallwood, may not have been the owners. It began securing leases, retroactive to 1990, from those people it thought were the owners of the roadbeds, it then filed petitory actions against Hallwood and their lessors, asserting its right to proceeds of the production and ownership.

On June 6, 2001, the trial court ruled in Lamson's favor on the majority of its ownership claims. In its judgment the court, required that:

> [w]ithin 60 days of the entry of this Judgment, the Defendants shall make a full report and accounting of and pay to Lamson all proceeds received by the Defendants or others on their behalf, from the sale of any oil, gas or mineral production attributable to the undivided fifty percent (50%) interest of Lamson and its lessors...

An accounting was not timely provided to Lamson, and it motioned for a hearing under La.Code Civ.P. art 2504, seeking an order appointing and directing a third person to perform the accounting. Lamson submitted its own accounting in evidence at a February 25, 2003 hearing, which the court accepted as an accounting against several defendants not involved in this appeal.

---

[1]*See Lamson Petroleum Corp. v. Hallwood Petroleum, Inc.* 02-138 (La.App 3 Cir. 7/10/02), 823 So.2d 431, *writ granted in part*, 02-419 (La.10/25/02), 832 So.2d 975, *affirmed on rehearing en banc*, 02-138 (La.App. 3 Cir. 12/31/02), 843 So.2d 424, and cases cited therein.

1

Judgment was not yet final against the appellees in this case, Union Oil Company of California, Petrocorp Incorporated, Triton Oil & Gas Corp., James H. Echezabal, J.H. Echezabal, Inc., and Doug Ashy and Ena Claire Ashy (collectively the Unocal defendants), until April 21, 2003. Thereafter, they failed to provide Lamson with an accounting within 60 days.

Lamson filed another motion under La.Code Civ.P. art 2504, and the matter was heard on August 26, 2003. At the hearing, Unocal introduced in evidence an accounting presentation and a land surveyor, Gene Prather's, testimony. Mr. Prather referenced a survey plat he prepared, and his testimony centered on whether the disputed portion of a roadway, Lamson used in its accounting, was in accord with the June 6, 2001 judgment.

Counsel for the Unocal defendants also testified and explained the procedure undertaken to create the accounting presentation. During testimony, counsel realized his accounting numbers were off by approximately 12.5%, and, together with Lamson, they adjusted the numbers to include the 12.5% error, and ultimately, to include other allocated costs. Counsel for Unocal stipulated these numbers were correct and were consistent with Lamson'a accounting as modified by Mr. Prather's acreage calculations. Then, Lamson provided the final numbers to the court but, inadvertently, provided them without the 12.5% offset. On November 6, 2003, the court awarded a judgment based on these incorrect numbers.

Unocal motioned for a new trial, alleging that trial court relied on incorrect numbers when rendering judgment. The court held a hearing on this motion on January 21, 2004, and counsel for Unocal alleged that his earlier numbers, including those with the 12.5% offset and allocated costs, were incorrect. He submitted new calculations which were much more favorable to Unocal. Counsel explained, in detail to the court, the accounting changes he made to arrive at his new numbers. The court granted the motion for new trial, in part, vacating the November 6, 2003 judgment and awarding a new judgment, on February 11, 2004, based on the earlier calculations that included the 12.5% offset that Unocal's counsel stipulated were correct at the first hearing. In doing so, it rejected the numbers Unocal submitted at the new trial hearing.

This appeal arises from certain evidentiary rulings the trial court made at the August 26, 2003 hearing, as well as the subsequent judgments it issued. Specifically, Lamson alleges that the trial court erred by: (1) allowing Unocal's accounting into

2

evidence, (2) allowing the testimony of an expert designated as a non-testifying expert, (3) relying on Unocal's accounting, and (4) not relying on Lamson's accounting.

**STANDARD OF REVIEW**

A "trial court's discretion concerning the admission of evidence is vast."[2] Therefore, we will not overturn its decision to exclude or include evidence, absent a clear showing that it abused its discretion.[3] We review the trial court's factual conclusions under the manifest error standard; thus, we will not disturb its factual determinations unless we conclude after reviewing the record that a reasonable factual basis does not exist for the trial court's findings, and that the record establishes that the trial court's findings are clearly wrong.[4]

**THE ADMISSION OF UNOCAL'S ACCOUNTING**

First, Lamson alleges that the trial court improperly allowed Unocal's late accounting in evidence. As the trial court acknowledged, the accounting for the Unocal defendants was due on June 20, 2003. At the hearing, Lamson objected to the admission of the accounting because it was not timely. The trial court noted Lamson's objection and indicated that it would allow Lamson time to examine the accounting and allow cross-examination at a later date. However, Lamson declined to do so, stating that it would "like to get it over with today...because [it] didn't want to delay it any longer."

Lamson maintains on appeal that the prejudicial effect on Lamson outweighed the probative value of the accounting by its presentment on the morning of the hearing. In support of its argument, it cites to our holding in *Mai v. Blair*.[5] In *Mai*, this court upheld the trial court's finding that the admission of certain evidence on the

---

[2]*Adams v. Canal Indemnity Co.,* 99-1190, p.7 (La.App. 3 Cir. 5/10/00), 760 So.2d 1197, 1202, *writs denied*, 00-1636, 00-1637, 00-1640 (La. 9/22/00), 769 So.2d 1212.

[3]*Id.*

[4]*Stobart v. State through DOTD*, 617 So.2d 880 (La.1993).

[5]634 So.2d 1202 (La.App. 3 Cir. 1993).

3

morning of trial would so severely prejudice the opposing party that any probative value of the evidence was outweighed.[6]

However, in the instant case, the trial court gave Lamson the opportunity to study the accounting and proceed with any questions at a later date. Lamson declined this invitation. Therefore, we cannot find that the trial court abused its discretion by allowing Unocal's accounting in evidence.

**THE ADMISSION OF PRATHER'S TESTIMONY**

During the earlier trial resulting in the June 6, 2001 judgment, Mr. Prather was designated as a non-testifying expert. Lamson maintains on appeal that the trial court abused its discretion by allowing Mr. Prather to testify that the boundary line Lamson used, when producing its accounting, was incorrect. As the trial court noted in its reasons for judgment:

> [i]n permitting the testimony by Prather, it was the court's determination that the basis for the non-testifying status of Prather in the original trial was not applicable to the present hearing. The court agreed, however, in view of the complexity of the evidence, that after it was submitted by defendant, the hearing could be continued to a later date in order to give counsel for Lamson the opportunity to review it, including submitting it Lamson's surveyor and for cross-examination of Prather and presentation of rebuttal evidence if considered necessary. However, it was Lamson's choice to cross-examine the witness that day and submit the case for adjudication without consulting its surveyor or presenting any further evidence.

Lamson points to several cases where the court excluded expert testimony because the objecting party did not have notice that the expert would testify. However, once again, Lamson chose not to take the time to review Mr. Prather's testimony or survey or to submit them to its own experts. We note that Lamson cross-examined Prather at length, and the trial court concluded that "cross examination failed to disclose any substantive error in either the methodology or in his calculations."

Therefore, we find that the trial court did not abuse its discretion in allowing Mr. Prather's testimony in evidence.

---

[6]*Id.*

4

**REJECTION OF LAMSON'S ACCOUNTING**

Lamson maintains that the trial court erred by not relying on its accounting. However, we note that the trial court accepted Lamson's accounting, "except as [the accounting] is modified by the judgment amounts set forth below which modification is made solely to conform the accounting of Lamson Petroleum to the acreage figures set forth" by Mr. Prather's survey. As the trial court mentioned in written reasons, "[t]his court held that the Lamson accounting exceeded the fifteen foot limitation [of the June 6, 2001 judgment] in certain areas," and ordered a judgment based upon Prather's calculations. Thus, "at the conclusion of the new trial hearing, Lamson re-submitted the judgment which had been submitted earlier . . . based upon Prather's calculations, but in all other respects, in accordance with Lamson's accounting."

Because we concluded that the trial court properly admitted the survey and testimony about the survey in evidence, we do not conclude that it manifestly erred when relying on the survey.

**RELIANCE ON UNOCAL'S ACCOUNTING**

Lamson objects to the trial court's reliance on Unocal's accounting. Its argument centers around Unocal's allegation at the hearing for a new trial that all its previous numbers were incorrect and, then, its submission of new, more favorable numbers. Lamson contends that the trial court's acceptance of numbers, which Unocal alleged at the hearing for a new trial were incorrect, is manifestly erroneous.

At the hearing for a new trial, it heard testimony about how Unocal reached its new accounting numbers. The trial court rejected Unocal's new calculations, noting, instead, that the numbers everyone agreed on at the hearing, "[i]f the surveying matter is found in favor of the defendant" were the numbers which were supposed to be in the judgment. Implicit in its ruling, accepting the previous accounting, is the rejection of Unocal's reasoning submitted at the new trial hearing—a factual determination which we will not disturb.

Accordingly, we conclude that the trial court's acceptance of Lamson's accounting, as modified by Mr. Prather's acreage calculation, was correct.

* * * * *

5

**CONCLUSION**

Because we conclude that the trial court did not abuse its discretion by admitting Mr. Prather's testimony and Unocal's accounting in evidence, and we conclude that the trial court did not manifestly err by relying on the evidence, we affirm. We assign the costs of this appeal to Lamson Petroleum.

**AFFIRMED.**