NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-37

BENNIE AUGUSTINE

VERSUS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2010-4603-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

AFFIRMED.

Wesley K. Elmer
Law Office of Darrel D. Ryland, APLC
P.O. Drawer 1469
Marksville, LA 71351
(318)253-5961
COUNSEL FOR PLAINTIFF/APPELLANT:
    Bennie Augustine

Brandon A. Sues
Gold, Weems, Bruser, Sues & Rundell
P.O. Box 6118
Alexandria, LA 71307-6118
(318)445-6471
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Christus Continuing Care and Shirley Coston

**PAINTER, Judge.**

Defendants, Christus Continuing Care and Shirley Coston, appeal the judgment in favor of Plaintiff, Bennie Augustine, in this automobile accident case. Defendants allege that Plaintiff sustained no injury in this minor accident. We affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On August 6, 2009, Plaintiff, who was seventy-four (74) years old, was travelling on Washington Street in Marksville, Louisiana. She testified that she was driving about ten (10) miles per hour in her 1995 Mercury Grand Marquis. Plaintiff's vehicle was struck from the rear by a Mini Cooper driven by Shirley Coston. There is some discrepancy as to whether Plaintiff's vehicle was stopped due to some problem with the vehicle, stopped in preparation to make a right turn onto Blanchard Street, or still moving. Ms. Coston's attention may have been diverted by a bicycle rider who was having some sort of trouble in the heavy traffic. Plaintiff characterized the impact as a "big hit." Ms. Coston characterized the accident as a "jolt."

Ms. Coston was employed by Christus Continuing Care as a hospice nurse and was travelling to Valley View Nursing Home. Ms. Coston was insured by State Farm Mutual Automobile Insurance Company. The State Farm policy provided that both Ms. Coston and her employer were named insureds. The policy limits were $25,000.00 for bodily injury. Ms. Coston was in the course and scope of her employment at the time of the accident.

The accident was investigated by Lt. Michael Bell of the Marksville Police Department. Both Plaintiff and Ms. Coston refused medical treatment at the scene. Lt. Bell noted no physical damage to either vehicle. Plaintiff did report being dizzy.

Plaintiff testified that the day after the accident, she was "hurting all over." It is undisputed that Plaintiff had suffered from arthritis for forty (40) years prior to the accident. Although she reported that this arthritic pain was in her neck, back, hands,

shoulders, legs, knees, and hips, she maintained that it was different from the pain that she experienced after the accident. She testified that, before the accident, she had arthritic pain three times a week or everyday if there was a flare-up of symptoms. After the accident, Plaintiff testified that she began to hurt more and had pain in her ribs that she had not experienced before. She rated her pain before the accident as being in a range from a three (3) to a seven (7) but indicated that it did not prevent her from doing her regular activities of caring for her sick husband[1] and keeping the house. After the accident, she reported that her pain ranged from a seven (7) to a ten (10), with some days being less than a seven (7) and that she experienced pain when carrying out her activities of daily living. Plaintiff did not seek medical treatment until twenty-five days after the accident, after her husband's illness and funeral. She treated with Dr. Darron McCann, who diagnosed her with a neck, back, rib, and shoulder strain related to the subject accident. He administered an injection and prescribed anti-inflammatory and pain medications. She also treated with Dr. George Williams, an orthopedic surgeon, at the referral of Dr. McCann after MRIs showed multiple levels and degrees of spondylosis and nerve root compression. These were mostly degenerative and present prior to the accident. However, Dr. McCann noted that she did not appear to have symptoms related to those findings prior to the accident. The trial court also received the deposition testimony of Dr. Edmond Kalifey, Plaintiff's long-time family physician, and Danny Vermaelon, a chiropractor who treated Plaintiff both before and after the subject accident. All agreed that Plaintiff had an aggravation of her conditions.

Plaintiff underwent an independent medical examination performed by Dr. Stan Foster. Dr. Foster also reviewed Plaintiff's past medical records. His opinion was that Plaintiff was not truthful with him on several important case points and that she

---

[1] Plaintiff's husband resided in a nursing home at the time of the accident. He was hospitalized a few days after the accident. Following his discharge from the hospital, he returned to the nursing home until his death on August 23, 2009, which was only seventeen days after the accident.

did not sustain any injuries in the subject accident but just continued to treat for the same exact complaints that she had prior to the accident.

The trial court found that Plaintiff was a credible witness who had nothing to hide. Further, the trial judge stated in his written reasons for judgment:

> The evidence at trial falls woefully short of proving more probable than not that Bennie Augustine created any sudden emergency. The evidence does confirm more probable than not that immediately prior to the accident, Shirley Coston was distracted[,] and when turning back to face the roadway, Coston immediately was upon the Augustine vehicle. The impact occurred. The accident occurred as a result of the sole fault of Shirley Coston.

The trial court went on to state that it was clear that Plaintiff suffered an aggravation of her pre-existing conditions and that said aggravation was caused by the subject accident, regardless of how minimal it seemed, such that she was entitled to be compensated for the full extent of that aggravation. Accordingly, the trial court awarded Plaintiff $40,000.00 in general damages for her past and future pain and suffering, past and future mental anguish, and loss of enjoyment of life; $12,433.10 for past medical expenses; and $2,500.00 for future medical expenses. Plaintiff stipulated that her damages did not exceed $50,000.00. Further, the parties stipulated that the amount awarded was subject to a credit in the amount of $25,000.00 which was paid by State Farm in settlement of Plaintiff's claim against Ms. Coston prior to trial. Therefore, the judgment reduced the award to Plaintiff to a total of $25,000.00, plus certain enumerated costs, all court costs, and legal interest.

Defendants now appeal, asserting that the trial court: (1) committed legal error in finding that Plaintiff was injured in this minor, low-speed accident; (2) committed legal error in finding that Plaintiff was a credible witness; (3) erred in exclusively relying on the testimony of Plaintiff's treating physicians when their opinions were unreliable; (4) erred in not considering the trial testimony of the independent medical examiner; (5) erred in finding that Plaintiff was not at fault in the accident when she made an abrupt stop that caused the accident; and (6) erred in awarding damages to

Plaintiff. Plaintiff has answered the appeal, asking for damages for frivolous appeal. We decline to award damages for frivolous appeal; however, we affirm the trial court's judgment.

**DISCUSSION**

Although Defendants claim that the trial court committed several legal errors regarding its findings that Plaintiff was injured and in finding that Plaintiff was a credible witness, we note that these would be errors of fact and not errors of law. Also, the decision as to whether to give more weight to one expert opinion over another is a factual issue. It is well settled that a trial court's findings of fact cannot be reversed by this court unless those findings are clearly wrong or manifestly erroneous. *Stobart v. State of Louisiana, Through Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993). Therefore, the correct standard of review is manifest error. After reviewing the record in its entirety, where the trial court's findings are "reasonable in light of the record," we cannot reverse the trial court even if we would have weighed the evidence differently. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

We also recognize that the force of the collision can be considered in determining whether a person was injured in an accident. *White v. State Farm Mut. Auto. Ins. Co.*, 97-1704 (La.App. 3 Cir. 4/29/98), 713 So.2d 618, *writ denied*, 98-1429 (La. 7/2/98), 724 So.2d 741. However, this is but one factor and "should not be the only factor considered when making such a determination." *Brown v. Trinity Universal Ins. Co.*, 01-1405, p. 5 (La.App. 3 Cir. 4/3/02), 814 So.2d 747, 750, *writ denied*, 02-1689 (La. 10/14/02), 827 So.2d 422.

As did the court in *Brown* and *Seegers v. State Farm Mutual Automobile Insurance Company*, 188 So.2d 166, 167 (La.App. 2 Cir. 1966), we find that "the testimony of both the medical experts and the lay witnesses established the fact that [Plaintiff] did sustain some injuries[,] and the minimal force of the collision is,

4

therefore, of no material importance." We find no manifest error in the trial court's finding that Plaintiff was a credible witness. The minor inconsistencies pointed out by Defendants do not cast serious doubt on the veracity of Plaintiff. There is nothing to rebut either Plaintiff's unequivocal testimony or the medical evidence showing that she suffered an aggravation of her pre-existing conditions.

We now address Plaintiff's request for damages for frivolous appeal. Louisiana Code of Civil Procedure Article 2164 provides that an appellate court may award such damages. Appeals are favored, and because this provision is penal in nature, it must be strictly construed. *Pratt v. Louisiana State Medical Center in Shreveport*, 41,971 (La.App. 2 Cir. 2/28/07), 953 So.2d 876. We can award no damages for frivolous appeal "unless it appears that the appeal was taken solely for the purpose of delay, that serious legal questions are not raised, or that the attorney does not seriously believe in the position he advocates." *Robinson v. Thornton*, 96-1329, p. 7 (La.App. 3 Cir. 10/29/97), 705 So.2d 745, 748, *writ denied*, 97-2963 (La. 2/6/98), 709 So.2d 739. While we are of the opinion that Defendants' assignments of error have no merit, there is no evidence that the appeal was taken solely for delay or that counsel was insincere in advancing his arguments. Accordingly, we decline to award damages for frivolous appeal in this case.

## DECREE

There is no manifest error in the trial court's judgment. Therefore, the judgment in favor of Plaintiff, Bennie Augustine, is affirmed. All costs of this appeal are assessed to Defendants/Appellants, Christus Continuing Care and Shirley Coston.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.